## H. W. KEEL v. THE STATE.

### No. 4986. Decided May 29, 1918.

### Rehearing denied June 28, 1918.

**1.—Seduction—Corroboration—Accomplice—Circumstantial Evidence.**

Where, upon trial of seduction, the accomplice's testimony was sufficiently corroborated as to the promise of marriage, etc., by letters of the defendant, and the acts of sexual intercourse were sufficiently corroborated by circumstantial evidence, which is always available for this purpose, the conviction was sustained. Creighton v. State, 60 S. W. Rep., 493, and other cases.

**2.—Same—Letters—Corroboration.**

While letters identified only by the testimony of the prosecutrix are not available to corroborate the proof of her testimony as to the elements of the offense, yet where one letter was admitted by defendant to have been written by him offered a complete corroboration, and the circumstantial evidence tended to show that the statement of the prosecutrix that appellant wrote all the letters was true, the corroboration is sufficient. Following Bost v. State, 64 Texas Crim. Rep., 464.

**3.—Same—Continuance—Discretion of Court.**

Where the trial court in passing upon the application for continuance had the entire record before him, as well as information that the witness would not testify as alleged in the application, and that he did not abuse his discretion not to sustain the ground of the motion for new trial, based on the overruling of the application for continuance, there was no reversible error.

**4.—Same—Rule Stated—Continuance—Affidavits.**

While the rule is that an application for continuance is not refused on mere controverting affidavits as to the truth of purported testimony, and that this court will look to the evidence adduced upon the trial, yet a continuance is not a matter of absolute right, but is left largely to the sound judicial exercise of the trial court's discretion. Following Sweeney v. State, 59 Texas Crim. Rep., 370, and other cases.

**5.—Same—Evidence—Marriage—Motive—Intent.**

Where, upon trial of seduction, the evidence showed that the defendant was a married man at the time of the alleged seduction, which he denied to the prosecutrix and her family, there was no error in admitting testimony that the father of prosecutrix received information that defendant was married; that he called defendant's attention to it and received a denial from defendant, while he was courting the prosecutrix; this tended to show intent and motive.

**6.—Same—Evidence—Identification.**

There was no error, on trial of seduction, to admit testimony of certain efforts by the State to have prosecutrix identified; such identification having failed.

**7.—Same—Evidence—Letters—Corroboration of Accomplice.**

Where the bill of exceptions, complaining of the introduction in evidence of letters from defendant to the prosecutrix, did not show that they were identified by her testimony alone, but by circumstantial evidence, the same was sufficient corroboration; besides, they were admissible in evidence upon her testimony identifying them.

**8.—Same—Evidence—Letters—Declaration by Defendant—Corroboration—Limiting Testimony.**

Where appellant contended that the letters written by defendant to prosecutrix were not corroborated by other testimony, but it appeared from the record

on appeal that defendant admitted that he wrote one letter and which corroborated the elements of the offense, and there were other circumstances of corroboration, there was no error in the court's failure to limit this testimony in his charge to the jury.

Appeal from the District Court of Wichita. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of seduction; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Ralph T. Mathis,* for appellant.—On question of continuance: Creacy v. State, 73 Texas Crim. Rep., 527, 166 S. W. Rep., 162.

On question of corroboration: Barnes v. State, 39 S. W. Rep., 684; Howe v. State, 51 Texas Crim. Rep., 174, 102 S. W. Rep., 409; Nash v. State, 61 Texas Crim. Rep., 259, 134 S. W. Rep., 709; Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 616; Bradshaw v. State, recently reported, 198 S. W. Rep., 942.

On question of corroborating letters: Smithe v. State, 58 Texas Crim. Rep., 106, 124 S. W. Rep., 919; Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821; James v. State, 72 Texas Crim. Rep., 155, 161 S. W. Rep., 472.

On questions of conversation between other parties: Seymore v. State, 158 S. W. Rep., 304; Burkhalter v. State, 184 S. W. Rep., 221; Speers v. State, 190 S. W. Rep., 154.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of seduction and his punishment assessed at confinement in the penitentiary for six years.

The subject of the offense was Inez Morgan, a girl between fifteen and sixteen years of age. She testified that she and appellant spent the night together at a hotel in Wichita Falls on November 22, 1917; that they had sexual intercourse, and that she submitted thereto by reason of promise of marriage made her by appellant.

The circumstances relied upon by the State for corroboration are the following: Appellant was a married man, of which fact she was ignorant. She had been told he was married but he, in the presence of one of the State's witnesses and in the presence of the young woman in question denied that it was true, and suggested that he bore a marked resemblance to a brother who was married. He paid her marked attention, visiting her a number of times, took her riding in an automobile often. Her father was told that appellant was married and appellant denied it to him. His attentions to the girl were testified to by her, by her father and others. He represented that he was in the automobile business and on many of his visits to her was in possession of an automobile. The facts show that it was borrowed from a garage at which he worked for a short time in Archer City. She testified that he wrote

her a number of letters. These were introduced in evidence, were signed by him, bore various dates covering a period for several months prior to the date of the alleged offense. They were characterized by terms of endearment, declarations of love and affection, and several of them contained references to the coming marriage. These letters were found by the father of the girl in her suitcase. He said she got her mail through the general delivery, and on the envelopes they were marked personal. They bore date line, etc., some at Electra, some Wichita Falls, and some Archer City, and the verbiage and characteristics of each of them was similar. One of them was admitted by appellant as shown by the record, to have been written by him and sent to her. This letter bears date of the 19th of November, 1917. From it the following quotation is taken: "You must remember darling, that I am not marrying you for a day, a week, month, year, but for always or until one of us has to go, and on the other hand darling, I admire beauty as much as any living human in the world. I know you are a good little girl, but I am going to marry you not because you are young and pretty, but because I love you." In this letter he expresses the intention to visit her the succeeding day. According to her testimony and that of her father and others, he visited her the 20th of November, and he and she together obtained her father's consent that they should go together in his automobile to Wichita Falls, where she had a sister, and that Mrs. Godfrey and her little boy would accompany them. The party reached Wichita Falls some time during the 21st of November. This was shown by the testimony of Mrs. Godfrey and the sister of the girl. Inez spent the night with her sister. Appellant took her there and told her sister that they were married. On the next day her sister told appellant that her house did not provide room for them and suggested that he take Inez with him, and he did so, stating that they were going to Fort Worth the next day and would later make their home in Marlin. Inez Morgan said that after spending the night with her, appellant said they would be married next day. Mrs. Godfrey saw appellant and Miss Morgan in an automobile together, and Miss Morgan, in appellant's presence, told Mrs. Godfrey that she and appellant were married. This occurred near the hotel about 10:30 at night. Inez subsequently on the next day told them that they had not married but they were going to Fort Worth that day for that purpose. Appellant, who was present, told her that he had the license. The hotel keeper testified that two persons answering the description of appellant and Miss Morgan spent the night at his hotel. His identification of them was quite indefinite. After appellant's arrest his wife appeared upon the scene and also his child or children, and there were conversations between her and Miss Morgan. Also a letter from Miss Morgan to her was introduced in evidence.

We regard the evidence corroborating the accomplice, Inez Morgan, as sufficient. The promise of marriage is corroborated by the letter of appellant, the identity of which was admitted and from which we have

quoted. Her testimony relating to the acts of intercourse was sufficiently corroborated by the circumstances developed in the evidence which are outlined in the foregoing statement. That circumstantial evidence is available for this purpose is obvious and established by the authorities beyond a controversy. Creighton v. State, 60 S. W. Rep., 493; Nash v. State, 61 S. W. Rep., 239; Bost v. State, 64 Texas Crim. Rep., 464, 144 S. W. Rep., 589; De Rossett v. State, 74 Texas Crim. Rep., 235, 168 S. W. Rep., 531; Slaughter v. State, 76 Texas Crim. Rep., 157, 174 S. W. Rep., 580.

Appellant urges his contention that the corroboration is insufficient; that letters identified only by the testimony of prosecutrix are not available to corroborate the truth of her testimony to the elements of the offense. This has been declared in Carrens v. State, 91 S. W. Rep., 30; Smith v. State, 58 Texas Crim. Rep., 106; Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821; James v. State, 72 Texas Crim. Rep., 155, 161 S. W. Rep., 472. Conceding that the letters, if any, which were only thus identified would be by this rule eliminated, as corroborating her testimony, the letter of November 19th, referred to above, is not in this category for the reason that its identity was an admitted fact. We think, however, there were circumstances in evidence tending to show that the statement of the girl that appellant wrote all the letters was true. See Bost v. State, 64 Texas Crim. Rep., 464.

The complaint is made of the failure to sustain the motion to continue based upon the absence of the witness Ligon, for whose attendance diligence appears to have been used and whose absence was due to sickness. The facts which were sought to be proved were that the prosecutrix, Inez Morgan, and a girl by the name of Johnson had run away from their homes together in an automobile some three months prior to the alleged offense, and that the witness as an officer had searched for them and found them at midnight registered at the Denver Hotel in Electra under assumed names, and that the general reputation of the Denver Hotel as a resort for prostitutes was bad; that it bore the general reputation of a disorderly house. It appears from the qualification that all of the facts which appellant expected to prove by the witness were admitted to be true except the alleged general reputation of the Denver Hotel in Electra. It also appears that prosecutrix and her father testified to the occurrence in which she and the Johnson girl had the episode mentioned. There was no testimony that the Denver Hotel in Electra was a disorderly house. In qualifying the bill the trial judge says that the district attorney filed a sworn statement to the effect that he had talked to the witness Ligon over the telephone and been informed by him that he would not testify that the Denver Hotel was a resort of prostitutes and a disorderly house, but that his testimony would be to the contrary. The trial judge says he also talked to him with the same result. The rule is that the practice does not authorize refusal of an application for a continuance be-

cause of affidavits controverting the truth of the purported testimony. Rockmore v. State, 54 Texas Crim. Rep., 594; Branch's Ann. P. C., sec. 321, and cases cited. When an application for continuance is overruled the appellate court in passing upon the alleged abuse of discretion, in doing so will look to the evidence adduced upon the trial. Wilson v. State, 7 Texas Crim. App., 38; Bronson v. State, 59 Texas Crim. Rep., 17, and other cases cited in Branch's Ann. P. C., sec. 305. The continuance is not a matter of absolute right, but in passing upon it the trial judge exercises a sound judicial discretion, subject to review, and its abuse when prejudicial often results in reversal. Branch's Ann. P. C., sec. 306, and cases there cited. A reversal will take place, however, generally speaking, in those cases only where from the evidence adduced upon the trial, the appellate court is impressed with the conviction that it is reasonably probable that if the absent witness would have been before the jury a verdict more favorable to the accused would have resulted. Branch's Ann. P. C., supra, sec. 319; Covey v. State, 23 Texas Crim. App., 388; Sweeney v. State, 59 Texas Crim. Rep., 370, and cases cited. See also Vernon's Texas Crim. Stats., vol. 2, p. 320, note 34, and cases listed. The trial court in passing upon the application for a continuance, having the entire record before him as well as information that the witness would not state the hotel mentioned was a disorderly house, in our opinion is not shown to have abused his discretion in refusing to sustain the ground of the motion for new trial based on the overruling of the application for a continuance. See cases Vernon's Crim. Stats., vol. 2, p. 332. Particularly is this true when the record shows that the witness would not have given the alleged testimony. Sneed v. State, 100 S. W. Rep., 922.

The complaint of the fact that the father of the prosecuting witness testified that he had received information that appellant was a married man does not show error for the reason that it otherwise appears without dispute that appellant was a married man, and for the further reason that the record shows that after receiving the information Mr. Morgan communicated it to appellant, making inquiry as to its truth, and received a denial. This was while appellant was pursuing his attentions to the prosecutrix, and was admissible, we think, as a circumstance showing intent and motive in visiting her.

The bill complaining of the occurrences during the effort of the State to have prosecutrix identified by the witness McGinley as the companion of a man who registered at his hotel, we think shows no reversible error, it appearing from the bill that after seeing the girl the witness failed to identify her.

The bill of exceptions complaining of the introduction of letters from appellant to the prosecutrix does not show that they were identified by her testimony alone. In this respect it is incomplete. Branch's Ann. P. C., sec. 720. Moreover, they being material would be admissible in evidence upon her testimony identifying them. This is held in Bishop v. State, 68 Texas Crim. Rep., 559, 151 S. W. Rep., 821,

relied on by appellant. The extent to which the court's declaration on the subject in that case goes is that when their identity depends upon her testimony alone that they do not furnish corroboration of her evidence to the effect that the accused committed the offense. None of the objections made to the introduction of the letters were tenable.

We have carefully examined all of the bills of exceptions. Those not specifically mentioned present, according to our view, no question requiring discussion in detail, and none of them disclose error.

The judgment of the lower court is affirmed.

*Affirmed.*

### ON REHEARING.

#### June 28, 1918.

MORROW, JUDGE.—In his motion appellant insists that there was error in the refusal of the trial court to give the following requested charge: "You are charged as part of the law in this case that the letters introduced by the State, claiming them to have been written to Inez Morgan, the prosecutrix, by the defendant are not corroborative of the testimony of the said Inez Morgan, if she is the only witness that proves them up." In the original opinion reference is made to a letter from appellant to prosecutrix dated November 19, 1917. This letter the prosecutrix testified was written by appellant. If in this she was corroborated the terms of the letter are such as to constitute a definite admission on the part of appellant that prior to the act of sexual intercourse he had made to the prosecutrix a promise of marriage. Part of the letter is quoted in the original opinion. The quotation of more of it would but confirm the conclusion reached that it corroborates the testimony of the prosecutrix touching the promise of marriage. As we understand the record, after the prosecutrix had identified this letter and other letters and testified that it was written by appellant and received by her from him, appellant in open court advised the court that he waived the identification of this particular letter. This appears from the statement of facts and from the bill of exceptions. Referring to this letter we quote the following: "The above letter was the one which identification and proof was waived." The only question of identification that could have arisen under the record was the identity of appellant as the author of the letter. It purported to be signed by him, it was found among the effects of the prosecutrix, she testified that he wrote it, and he contends that her testimony to that effect is not corroborated. It is manifest from the qualification of the bill reserved to the refusal of the special charge quoted that the trial court regarded the statement of appellant as an admission of his identity as the author of the letter. The court says, "The defendant waived any proof of identification as to one of the letters." This court in the original opinion treated the appellant's statement as an admission. This interpretation of it was correct. Such we understand to be the rule of law.

See Wigmore on Ev., vol. 3, p. 2894, sec. 2132. While Inez Morgan was the only witness who testified that appellant wrote the other letters, we think there are circumstances which furnish other proof of appellant's identity as their author. Their verbiage and subject matter was similar to that of the letter, the identity of which was not questioned. They bore the signature of appellant. They appear to be part of the same series of letters as that of November 19, 1917, and we think there were circumstances, some of which are pointed out in the original opinion, supplementing the testimony of the prosecutrix connecting appellant with their authorship. See Wigmore on Ev., vol. 3, sec. 2131, p. 2893; Wharton's Crim. Ev., vol. 2, sec. 546; State v. Freshwater, 116 Am. St. Rep., 853; Thompson v. State, 35 Texas Crim. Rep., 511. These letters are not depended upon as corroboration of the act of sexual intercourse. There were other circumstances furnishing such corroboration which are mentioned in the original opinion. There is no evidence denying the authorship or qualifying the letter of November 19th. The identity of the appellant as the author of that letter furnishing definite corroboration of the prosecutrix's testimony and the promise of marriage, the other letters introduced being but cumulative of the same subject, we think there was no harmful error in the court's refusal to limit them even though we were in error in stating that the prosecutrix's testimony with reference to them was corroborated by circumstances.

The motion for rehearing is overruled.                     *Overruled.*