LUCIAN HUGHES v. THE STATE.

No. 5672.    Decided February 11, 1920.

Rehearing denied March 3, 1920.

1.—Theft—Continuance—Want of Diligence.

Where the application for continuance showed upon its face a want of diligence, the same was properly overruled.

**2.—Same—Declarations by Defendant—Arrest.**

Where defendant was not under arrest when he made certain declarations which led to the finding of the stolen goods, there was no error in admitting the same in evidence.

**3.—Same—Rehearing—Continuance—Want of Diligence.**

Where the application for continuance did not show when the alleged subpoena for the absent witness was issued and no copy of said subpoena was attached to the application, the same was correctly overruled.

**4.—Same—Sufficiency of the Evidence—Conflict of Testimony.**

Where the evidence is sufficient to convict, although conflicting, there is no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. R. B. Seay, judge.

Appeal from a conviction of felony theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Will S. Payne,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of continuance: Keeton v. State, 59 Texas Crim. Rep., 316; Boyd v. State, 57 id., 647.

On question of sufficiency of the evidence: Torrence v. State, 212 S. W. Rep., 957; Windham v. State, 67 Texas Crim. Rep., 664, 150 S. W. Rep., 613.

LATTIMORE, JUDGE.—The appellant in this case was convicted of felony theft, in the Criminal District Court of Dallas County, and given two years in the penitentiary.

The case comes before us without a statement of facts, and but two bills of exceptions. The first of these is to the action of the trial court in overruling appellant's motion for a continuance, asked for the purpose of obtaining the testimony of one Ollie Lanksford. An examination of the record discloses that the application for continuance fails to disclose when the subpoena for said witness was issued. No date was mentioned in the application, and no copy of said subpoena was attached. Legal diligence is not shown by appellant, and the motion was properly denied. In the absence of a statement of facts we cannot decide as to the materiality of the testimony of the absent witness.

Appellant has also a bill of exception to the testimony as to statements and admissions made by him, as recited in the body of the bill, while under arrest and unwarned. The trial court states in his explanation approving said bill of exceptions that at the time

of making such statements or admissions, the appellant was not under arrest, and that said statements led to the finding of the alleged stolen property; in which latter event we have always held such statements admissible, even though made under arrest and without being warned.

The charge of the trial court and the indictment seem to be in conformity with law.

No error appearing, the judgment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING

### March 3, 1920.

LATTIMORE, JUDGE.—Appellant presents his motion for rehearing, asserting two grounds of error, to wit: that the trial court should have granted his application for a continuance, and that the evidence does not support the verdict.

We have again reviewed the application for a continuance, in order to obtain the testimony of Ollie Lanksford, but find the record bare of anything legally sufficient in the way of diligence. It is asserted in the application, that the subpoena was issued for the witness Lanksford to appear at court on the 18th day of September, 1919, but when said subpoena was issued, is not stated, and, inasmuch as no copy of the subpoena is attached to the application, we are wholly unable to ascertain the date of its issuance; and this is not held to be a sufficient showing of diligence by any authority with which we are acquainted.

Reviewing the statement of facts now filed, we are unable to agree with the contention that the evidence does not support the verdict. It appears that the appellant had been working for the owner of the alleged stolen car; had been discharged and after the termination of said employment, had taken a car from the control and management of his former employer, which car was later found out on a road with most of its parts gone. Appellant claimed to have borrowed the car; but this was denied by the owner, and the issue has been settled by the jury adversely to appellant. Where there is a mere conflict of evidence, this Court will decline to interfere, and will approve the action of the trial court in overruling a motion for a new trial on the grounds of the insufficiency of the evidence.

No error appearing, the motion for rehearing is overruled.

*Overruled.*