## O. L. Russell v. The State.

### No. 5950. Decided March 2, 1921.

**1.—Manufacturing Intoxicating Liquors—Continuance—Impeachment.**

Where. defendant's motion for continuance was for the purpose of impeachment of certain State's witnesses, the same was correctly overruled; besides, it did not state that it was not made solely for delay, or that the result of the trial would have been different, and it appearing that the testimony was probably not true in the light of the record, there was no error in overruling the motion. Following Browning v. State, 26 Texas Crim. App., 432, and other cases; besides there was not proper diligence.

**2.—Same—Endorsement—Indictment—Witnesses—Process.**

The fact that the names of the State's witnesses were not endorsed on the inlictmest would not be any excuse for failure to promptly apply for process for the absent witnesses of the defendant, and where defendant was arrested on the 29th of April, and no *subpoenas* were applied for until the 3rd of May following, the diligence was not sufficient.

**3.—Same—Act of Congress—Dean Law—Precedent.**

The act of Congress, known as the Volstead Act, is not in conflict with the Dean Law of this State, and the questions raised in appellant's motion for new trial were decided adversely to him in a recent case. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

**4.—Same—Indictment—Words and Phrases—Description.**

The words "spirituous, vinous and intoxicating liquors capable of producing· intoxication," as used in the indictment, are a sufficient description of the liquor claimed to be manufactured.

**5.—Same—Constitutional Law—Manufacture and Sale of Intoxicating Liquors.**

There is nothing in our Constitution which denies to the Legislature of this State power to enact laws forbidding the manufacture or sale of liquor intoxicating in character, or even a non-intoxicant with less alcoholic content than would be required to produce intoxication.

**6.—Same—Evidence—Manufacturing Liquor—Practice in Trial Court.**

Upon trial of unlawfully manufacturing intoxicating liquors in violation of the Dean Law, there was no error in admitting testimony that the witness at a certain time and place saw defendant making or cooking whisky, and describing equipment and apparatus in use, that defendant was managing the still; that defendant had stated that· he would kill anybody who told on him for making whisky; nor was there any objection to the testimony because it was admitted upon redirect examination and not in rebuttal.

**7.—Same—Evidence—Manufacture of Intoxicating Liquors—Purpose.**

Upon trial of unlawfully manufacturing. intoxicating liquors under the Dean Law, there was no error in allowing the State to ask defendant while a witness if · he had not been offering to get whisky for people about the time of this alleged offense. This bore on the question of manufacturing liquor and that it was not for one of the purposes excepted by the statute.

8.—Same—Evidence—Other Transactions.

Upon trial of unlawfully manufacturing intoxicating liquors under the Dean Law, there was no error in permitting the State to ask defendant upon cross-examination if he recalled the finding of a still by the officers near what was known as the "Binkley place," it appearing that said officers had found such a still, and which was afterwards identified as the same outfit defendant was operating on the day of the instant offense.

9.—Same—Evidence—Declarations of Defendant—Still for Manufacturing Liquor.

Upon trial of unlawfully manufacturing intoxicating liquor under the Dean Law, there was no error in allowing the State to ask defendant upon his qualified denial, to prove just what defendant said a day or two after the said still was captured on the "Binkley place," to the effect that if the officers had not bothered him he would have paid his debts this year, and that this was the still found by the officers, and which he was operating when the State's witnesses were present and saw him.

10.—Same—Evidence—Bill of Exceptions.

Where, the bill of exceptions did not contain enough of the rejected testimony, with reference to defendant being indicted about a year before the violation of the liquor law in the instant case, to show affirmatively that the evidence was inadmissible, there is no reversible error.

11.—Same—Evidence—Reputation—Contradicting State's Witness.

Where, upon trial of unlawfully manufacturing intoxicating liquors under the Dean Law, the defendant attempted to contradict the main State's witness by laying a direct predicate while said witness was on the stand, showing contradictory statements of the said witness, etc., and that the State's witness was himself a violator of the law, etc., there was no error in admitting evidence of the good reputation for truth and veracity of the State's witness by the State.

Appeal from the Criminal District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of unlawfully manufacturing liquor under the Dean law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Keeney & Dalby,* for appellant.—On question of court's action in overruling application for continuance: Robinson v. State, 71 Texas Crim. Rep., 561; Sharp v. State, 71 id., 633; Coulter v. State, 72 id., 140; Leonard v. State, 109 S. W. Rep., 149; Graham v. State, 160 id., 715.

On question of defendant's declaration that he had been offering to get whiskey for other people: Vick v. State, 71 Texas Crim. App., 50; Hodges v. State, 73 id., 378.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bowie County of manufacturing intoxicating liquor in viola-

tion of the Dean Law, Act Second Called Session, Thirty-sixth Legislature, page 228, and his punishment fixed at confinement in the penitentiary for one year.

When the case was called appellant asked for a continuance to obtain the testimony of several witnesses, most of whom appear to be for direct or indirect impeachment of the State's main witness, one McCarty. This character of testimony is ordinarily not considered sufficient to justify a continuance. Branch's Anno. Penal Code, Section 324. The testimony of the absent witness Enscore was stated to be that he was familiar with the pasture where the State's testimony would seek to locate the illicit still claimed to have been used by appellant in this case, and that witness would testify there was nothing of the kind there. Three witnesses for the State bore positive testimony that on a day which they fixed at about March 1, 1920 they visited a still which appellant was running in or near a pasture of his, and that with said equipment appellant was making whisky. Appellant categorically denied these facts. One Berry Brown swore for appellant that during January, February and most of March, 1920 he lived on appellant's place, was very familiar with the pasture in question, was in said pasture nearly every day and especially along about the first of March, building fences, clearing up the land, going after the cows and other stock, and that he had never seen any sign of a still there. This witness, together with a number of others testified that adjoining the home and residence of appellant was an open bermuda grass pasture, and that along about the first of March and before the leaves came out on the trees, a man anywhere in said pasture could be seen by people going along the public road at or near appellant's house. Many of these witnesses testified that they were familiar with said pasture at said time and passed by there frequently and saw no still or any signs thereof. Appellant's wife also testified that she was familiar with said pasture and that at that time there was no still there.

The term of the trial court at which appellant was convicted did not expire until July 3rd. The trial was early in May. It was stated in the application for a continuance that witness Enscore was temporarily absent from his home in Texarkana at the time of the trial. No affidavit of said witness as to what his testimony was or would have been was obtained during said term. The application is defective in that it is stated that it is not made *solely* for delay. This does not comply with the statute. Subdivision 5, Article 608, C. C. P. It is also statutory that the truth of the first or any subsequent application for continuance is addressed to the sound discretion of the trial court and even if the application conformed to the statute, we would not hold its refusal arbitrary and reversible error unless the record was in such condition as to lead us to conclude that had the witness been present the result would have been different. The testimony of the State's witnesses was direct and positive as to the presence of the still and appellant's connection therewith; while aside from the testimony of appellant himself

all of the evidence for the defense was more or less circumstantial. The State's witness, McCarty, located this still in question as being in a pine thicket a short distance from the pasture about which most of the State's witnesses testified. Said application contains the admission that appellant had not talked with the State's witness, but had good reason to believe that he was going to locate said still by his testimony in a certain pasture. The statement, therefore, as to the fact that the witness Enscore, if present, would deny the presence of any still at that point was necessarily a conclusion of the appellant and his attorneys who prepared said application. After careful consideration of the entire testimony, both for the State and appellant, we are unable to believe that the testimony of another man to the effect that he was familiar with the pasture of appellant about the first of March, and that there was not a still there, would have affected the result, nor do we think the trial court exceeded his discretionary power in passing on appellant's motion for new trial, to hold that the absent testimony viewed in the light of the record was probably not true or that same would not have produced a different result. Browning v. State, 26 Texas Crim. App., 432; McAdams v. State, 24 Texas Crim. App., 86; Section 34 of Notes to Article 608, Vernon's C. C. P. As an additional reason for this ruling appellant was arrested on April 29 and no subpoenas were applied for until May 3. We do not think the fact that the State's witnesses were not indorsed on the indictment would be any excuse for failure to promptly apply for process.

We considered and passed on many of the questions raised in appellant's motion for new trial in Ex parte Gilmore, recently handed down, and held that the Act of Congress known as the Volstead Act is not in conflict with the Dean Law, and upheld the latter.

We think also that the words "spirituous, vinous and intoxicating liquor capable of producing intoxication" as used in the indictment herein, is sufficient description of the liquor claimed to be manufactured.

Referring to another contention of appellant, it is our opinion that there is nothing in our Constitution which denies to the Legislature of this State power to enact laws forbidding the manufacture or sale of liquor intoxicating in character, or even a non-intoxicant with less alcoholic content than would be required to produce intoxication.

The statement of State's witness McCarty that, at a certain time and place he saw appellant making or cooking whisky was not objectionable. Witness described equipment and apparatus in use at said time and that he partook of the liquor that was being manufactured; also in another part of his testimony stated that appellant was operating and managing the still, the only objection to which was that same was not a statement of fact, but was the opinion of the witness; nor do we think it error to allow said witness to testify that appellant had stated to him that he would kill anybody who told on him for making whisky. In view of our practice of admitting evidence which is per-

tinent at any time before the conclusion of the argument, we do not think an objection to this testimony that it was upon re-direct examination and not in rebuttal, would constitute any very serious error upon the facts. What we have just said as to the testimony of the witness McCarty applies to those bills of exceptions taken to the testimony of the witnesses, Walter and Ben Long, each of whom testified to being present at said still and seeing appellant operating the same.

No error was committed in allowing the State to ask appellant, while a witness, if he had not been offering to get whisky for people about the time of this alleged offense. Appellant answered the question in the negative. We would deem it pertinent, if true, to show that at said time appellant was making the offer to sell or procure whisky to or for other people. The inquiry bore on the question of manufacturing liquor and of showing that such manufacture was not for one of the purposes excepted by statute.

Appellant further complains because the State was allowed to ask him if he recalled the finding of a still by the officers near what was known as the Binkley place. It appears from the State's testimony that the officers had found and taken possession of a still on the Binkley place a short time after the date fixed by the State for the offense here charged against appellant. The Binkley place was at no very great distance from that of appellant. The still captured on the Binkley place was carried by officers to the county jail and was there identified by McCarty as the same outfit appellant was operating on the day of the instant offense. We think the question was permissible.

Nor do we think any error was committed in allowing the State to ask appellant, and upon his qualified denial, to prove just what appellant said a day or two after the said still was captured on the Binkley place, to the effect that if they had not bothered him he could have paid his debts this year. Said statement was susceptible of the construction that the capture of said still had affected appellant's income and ability to pay his debts. He was not denied the right to make full explanation of what he meant, and the question was one for the jury. We find no error in allowing the State to ask appellant, while a witness, if the still found by officers on the Binkley place was not the one he was operating when State's witnesses McCarty and Long were present and saw him.

Appellant's objections to the question propounded to him in reference to his having been indicted about a year before for violation of the liquor law of this State, were that this was immaterial, irrelevant and prejudicial. In view of the general character of the objection we would be compelled to hold the evidence admissible under any fair presumption in support of the court's ruling that there was no statement in the bill of exceptions that it was not shown otherwise than by this question, that the indictments referred to in said questions were for felonies. If a bill of exceptions does not contain enough to show affirm-

atively that the evidence was inadmissible our presumption is necessarily in favor of the correctness of the court's ruling.

There was no error in admitting evidence of the good requtation for truth and veracity of State's witness McCarty. Appellant laid a direct predicate while said witness was on the stand and supported by the testimony of appellant's wife, showing contradictory statements of said witness. This opened up the question and witness may be sustained by proof of his good reputation. Section 184 Branch's Anno. Penal Code. The same principle holds good as to appellant's objection to allowing the State to prove the general reputation of the witness McCarty as a law abiding citizen. Appellant had sought to show both by questions to McCarty and other testimony that said witness was himself a violator of the law by manufacturing liquor illegally.

There were a number of objections to the charge of the court, each of which has been examined and considered, but the discussion would present no new question and would therefore be of no value. Appellant was ably defended and his case carefully prepared and each contention has received our attention, but believing that no reversible error appears, the judgment of the trial court will be affirmed.

*Affirmed.*