## John Hoover v. The State.

### No. 6183.    Decided May 25, 1921.

**1.—Manslaughter—Continuance—Cumulative Evidence—Communicated Threats.**

Where the application for continuance as to one witness showed only cumulative evidence, and as to the other, on the question of communicated threats in the light of a motion for new trial, showed that no different results would have occurred had the absent testimony been present, there was no reversible error. Following Frizzell v. State, 30 Texas Crim. App., 55, and other cases.

**2.—Same—Charge of Court—Manslaughter—Rule Stated.**

If accused had been convicted of murder it would have been necessary and proper to review the question on the criticism of the court's charge on manslaughter as being too restrictive, but the conviction was for manslaughter and there was no just ground for complaint.

**3.—Same—Charge of Court—Instrument Used—Deadly Weapon.**

Where, upon trial of murder, the court charged that the instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the party offending, and if the instrument be one not likely to produce death, it is not to be presumed that death was designed unless from the manner in which it was used such intention evidently appears. This, in connection with the requested charge given under Article 1149 P. C., was sufficient in the instant case.

**4.—Same—Self-defense—Charge of Court—Communicated Threats.**

Where, upon trial of murder, the court gave a proper charge on the law of self-defense and relative to self-defense on the ground of communicated threats and demonstrations by deceased, there was no error in refusing a requested charge upon this subject.

**5.—Same—Rehearing—Sufficiency of the Evidence—Practice on Appeal.**

Where the verdict bears the sanction of the trial court, and there being no weakness in the evidence nor departure from approved procedure to warrant a reversal, the affirmance must stand.

Appeal from the District Court of Commanche. Tried below before the Honorable J. H. Arnold.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Hampton, Harris & Hampton,* and *Goodson & Nabors,* for appellant.—On question of continuance: Morgan v. State, 113 S. W. Rep., 934; Dunn v. State, 212 id., 511.

On question of charge on self-defense: Cooley v. State, 165 S. W. Rep., 192.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—On question of continuance: Perry v. State, 155 S. W. Rep., 263; Pace v. State, 153 id., 132.

On question of charge on self-defense: Lutrell v. State, 143 S. W. Rep., 628; Love v. State, 158 id., 526.

HAWKINS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at three years in the penitentiary. This case has been before this court on a former appeal. The opinion will be found in 87 Texas Crim. Rep., 372, 222 S. W. Rep., 244, and sufficient facts are stated there to obviate setting them out again, except as it may be necessary in discussing some particular issue.

Error is assigned to the overruling of appellant's second application for continuance because of the absence of the witnesses, G. H. Fuller and Joe Sullivan. Both of these witnesses had testified on a former trial which resulted in a conviction for murder with a penalty of six years in the penitentiary. Fuller, if present, would have testified to a threat made by deceased and communicated to appellant by the witness; Sullivan would have testified to some matters which transpired during a difficulty between appellant and deceased on Saturday previous to the killing on Tuesday. There was practically no conflict in the testimony of the various witnesses who were present on Saturday and undertook to relate the details of what occurred then. Some minor details were not agreed on, but the main facts were not in conflict. Sullivan's testimony was only cumulative, and second continuances will not be granted under these circumstances. Art. 609, Vernon's C. C. P., and cases cited in notes thereunder.

The witness Fuller knew nothing about the occurrences at the time of the homicide, but knew only of the threat made by deceased and communicated to appellant, which was testified to by appellant. Proof was also made of other communicated threats. No issue was made by the State with reference thereto. We are not unmindful of the rule of law announced in many cases from this court, that where the defense is based on demonstration by deceased to execute a threat, or where the issue is as to who may have been the aggressor, it is sometimes error to overrule a second application for continuance to secure a witness who will testify to the threat, whether it was communicated or not. Gilcrease v. State, 33 Texas Crim. Rep., 619, 28 S. W. Rep., 531; Casey v. State, 51 Texas Crim. Rep., 433, 102 S. W. Rep., 725. But when, in view of the entire record, the court can conclude with reasonable certainty, that no different result would have occurred had the absent witnesses been present and testified another rule becomes operative. In Fizzel v. State, 30 Texas Crim. App., page 55, will be found the following language from Judge WHITE: "It is a

well established rule that it is only in a case where from the evidence adduced upon the trial we would be impressed with the conviction, not merely that the defendant might probably have been prejudiced in his rights by overruling his application for a continuance, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted, that a reversal should be granted." To the same effect is the case of Ellis v. State, 30 Texas Crim. App., page 604.

It was only by stretching the law almost to the breaking point that appellant, even under his own statement, was entitled to any kind of a charge on self-defense. When deceased, and appellant first came in contact on the morning of the killing, deceased brushed past him going into the depot to transact some business with the agent. No demonstration was made at that time, and he was never again that close to appellant. Appellant was not armed when this occurred; but he immediately went to the restaurant, secured the club with which the killing occurred, and, as he says, brought it back to the depot for his protection. When deceased came out of the depot he stepped immediately to a passing engine and grasped the hand hold to get on it, having one foot on the step, and when appellant struck him in the back of the head, he himself says deceased was looking up in the cab. He claims as deceased came out of the depot door he stopped momentarily and looked at appellant, and that when he swung himself on the engine he turned loose with one hand, and then it was appellant says he thought he was going to shoot him, and he grabbed the stick, overtook the engine and struck him from behind when deceased was not looking at him. If the trial court had refused a charge on self-defense under the circumstances, this court would have had serious trouble in finding from the record where it was called for. We cannot be impressed otherwise than that on account of the trouble on Saturday, and the threats which had been communicated to him, appellant had made up his mind to gratify his desire for revenge, and when it appeared that deceased was leaving without giving him a pretext to do so, he struck him the blow which resulted in his death. In the Ellis case, supra, Judge DAVIDSON uses language which is not inapplicable here. "In our opinion, even should the proposed absent testimony have been adduced on the trial, it could not and should not have affected the result, but on the contrary would rather have tended to have intensified the motive, *animus* and malice of the defendant in killing the deceased under the circumstances attendant upon the killing."

Appellant directs some criticism at the court's charge on manslaughter as being too restrictive, and to the refusal of the court to give some special charges on that issue. If accused had been convicted of murder it would have been necessary and proper to review these matters, but having been convicted of manslaughter only, he has no just ground for complaint.

Paragraph seven of the court's main charge reads as follows: "The instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the party offending. If the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used, such intention evidently appears." Appellant complains that in connection with paragraph seven of the court's charge he should have given Article 1149 of the P. C. An examination of the record discloses that at the request of appellant the court gave a special charge in which Article 1149 is copied, and followed with an application of the law as therein stated, to the facts of this case. Another special charge requested by appellant was given telling the jury that: "The instrument 'a piece of wood,' as alleged in the indictment is not *per se* a deadly weapon. Before you can convict the defendant in this case for murder you must believe beyond a reasonable doubt that at the time he struck the deceased he then and there had the intent to kill the deceased;" These two special charges, in connection with paragraph 18 of the main charge guarded appellant's rights at all points with reference to the character of instrument with which the killing occurred. In fact, paragraph 18 is more favorable to the appellant than he was entitled to under the law; and the State would have had just ground to complain of it, but not appellant. It is, substantially, as follows: "If you believe from the evidence beyond a reasonable doubt that defendant did strike the deceased with that piece of wood as alleged in the indictment, and thereby kill him, but you have a reasonable doubt that defendant then and there had the specific intent to kill him, you will find the defendant guilty of aggravated assault, and assess his punishment at . . . Unless you acquit the defendant on the ground of self-defense as given you in this charge." The court in this instance assumed the burden of determining that the piece of wood described in the indictment was not that character of instrument which ordinarily would produce death in the manner in which it was used, and took that issue away from the jury and told them in plain language if appellant did not intend to kill the deceased they could find him guilty of only an aggravated assault.

Appellant also directs some criticism at the charge of the court with reference to his instruction to the jury upon the law of self-defense generally, and relative to self-defense on the ground of communicated threats and demonstrations by deceased, and complains of the refusal of the court to submit to the jury his special charge with reference thereto. We deem it unnecessary to discuss and set out either the special charge requested or the charge of the court as given, for the reason that it would make this opinion of undue length; but we desire counsel for appellant to know that we have carefully examined his brief and all his assignments of error, not only with reference to these issues, but to all other issues presented by him. We do

not believe the charge of the court is subject to the criticism directed at it; it was sufficient, in all respects, to safeguard all of appellant's rights, and therefore, it was unnecessary to give the special charges requested.

Finding no errors in the record which would require a reversal of the case, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

May 25, 1921.

MORROW, PRESIDING JUDGE.—Presenting the same questions that were reviewed on the original hearing appellant, through his counsel, earnestly insists that in ordering the affirmance this court was wrong. It would be but a profitless reiteration of the matter contained in the original opinion to enter into a discussion in detail of the arguments and authorities contained in this motion. We have again examined the record with care and cannot persuade ourselves that we can with fidelity to duty imposed upon us do other than overrule the motion.

Appellant's rights, through two trials, have been diligently urged and guarded by learned, able and painstaking counsel, and, as reflected by the record on this appeal, nothing appears to indicate that in any sense his trial fell short of the fair and legal one. By the verdict his guilt was determined and the measure of his punishment set out by a fair and impartial jury. The verdict bears the sanction of the trial court, and there being no weakness in the evidence nor departure from approved procedure to warrant a reversal, the affirmance must stand.

The motion is overruled.

*Overruled.*