FRED HUGHES v. THE STATE.

No. 7597.    Decided March 14, 1923.

Rehearing denied June 27, 1923.

1.—Murder—Continuance—Want of Diligence.

Where the application for continuance gave no dates of the issuance of the subpoena or its return, and neither the subpoena nor the return was

95 T. C.—5.

attached to the motion, there was no error in the absence of a showing of an abuse of discretion.   Following Bocknight v. State, 87 Texas Crim. Rep., 428, and other cases.

### 2.—Same—Evidence—Clothes of the Deceased.

Where the State introduced in evidence, an overcoat which had been worn by the deceased and showed that there was a hole in it corresponding with the wound upon the body of the deceased, and there was no showing that the said coat did not illustrate some controverted issue, there was no error.

### 3.—Same—Rehearing—Rule Stated.

It had been held that there is no error to refuse a continuance for the absence of witnesses to testify concerning undisputed matters, and the same principle applies to the instant case, and when the court overruled the motion for a new trial on such grounds there was no error in the absence of a showing of an abuse of discretion.

### 4.—Same—Clothes of Deceased.

Where the record showed that when the defendant objected to any questions regarding the coat exhibited to the jury, that the court sustained the objection, there was no reversible error.

### 5.—Same—Motion for a New Trial—Affidavit.

Affidavits attached to the motion for a rehearing cannot be considered on matters which should have been presented in connection with the motion for a new trial.

Appeal from the District Court of Young.   Tried below before the Honorable P. A. Martin.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Thos. G. Binkley, H. P. Shead* and *John R. Moore,* for appellant.— On question of clothes of deceased, Cole v. State, 75 S. W. Rep., 530; Melton v. State, 83 id., 823; Crenshaw v. State, 85 id., 1147; Williams v. State, 136 id., 771; Dozier v. State, 199 id., 287.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for murder; punishment fixed at confinement in the penitentiary for period of twenty-five years.

Appellant shot and killed A. Enloe, Jr.   The States evidence is sufficient to support the verdict of murder.   Appellant testified to a case of self-defense.   According to his statement, he was invited by deceased into a building used as a dance hall, but as we understand it, not occupied at the time; the deceased was urging the appellant, who claimed to be an officer, to refrain from interfering with the deceased pursuing the occupation of illicit whisky seller. From appellant's testimony we take the following quotation:

"* * * Mr. Enloe, the older gentleman, * * * walked up to me on the sidewalk and says, 'I want to talk to you, and by God, I mean business.' * * * I says, 'Abe, let's talk out here on the sidewalk,' and he says, 'No, we will go in the dance hall, there is no one in there.' * * * He says 'I am going to sell that whisky,' and I says, 'I can't help that, if I catch you, I will take you to Graham.' He says, 'I have got some money,' and started to give it to me. I says, 'Don't do that, don't bring this proposition to me again.' 'He says, 'I will get it by you, you s—n of a b—h, or I will kill you,' and I says, 'Let your conscience be your guide,' and started to walk backwards and when I got to the partition he moved his head and then disappeared and the next I saw of him was the bulk of his shoulders and the gun leveled at me and he fired and I jerked my gun and fired twice an seen his gun fall, and then I turned my head and saw young Enloe running toward me and his right-hand was stretched out and his pistol smoking and I fired one shot and his gun dropped and he fell and I started to go to the front and when I got to the partition Mr. Enloe (the older man) was lying there."

An application for a continuance was filed on account of the absence of a number of witnesses by whom the appellant expected to prove communicated threats made by deceased against the appellant. The bill of exceptions complaining of the action of the court in overruling the motion relates to the absence of the witness, George Flourney alone. The record is silent touching whether the other witnesses appeared. The bill states that the diligence consisted in having "process duly issued which was served upon the said witness and returns made thereon;" that said witness was reported by his physician to be sick and unable to attend court. It is charged in the application that the witness resided in Jones County. The pleader contents himself with the statement:

"That the said witness George Flourney, resides in Jones County, Texas, and that his defendant has used due and sufficient diligence to procure the attendance of said witness in his behalf; that said witness was served with process herein and his physician reports that he is ill and unable to be in attendance at this time."

No dates are given touching the date of the issuance of the subpoena nor its return; neither the subpoena nor the return was attached to the motion. The truth of the averments in the application for a continuance are addressed to the sound discretion of the court. This is an express statutory provision. See Art. 608, subdivision 6, Code of Crim. Proc. If looking to the evidence upon the trial, it appeared to the trial court that the evidence was material and probably true, he would not have the discretion to overrule the motion. It is only when the trial court abuses this discretion in refusing a continuance or grant a new trial that this court will review the action of the trial court denying a continuance. Peace v. State, 27 Texas Crim.

App. 83; Covey v. State, 23 Texas Crim. App. 388; Vernon's Tex. Crim. Stat., Vol. 2, p. 321, note 34; Bocknight v. State, 87 Texas Crim. Rep. 428; Russell v. State, 88 Texas Crim. Rep. 582, 228 S. W. Rep. 948; Hoover v. State, 89 Texas Crim. Rep., 378, 230 S. W. Rep. 982.

In the instant case, the appellant was a witness but did not testify that George Flourney had communicated to him any threats; nor did he testify that any other witness had done so. He introduced however, a number of witnesses who testified that the deceased had made threats to take the life of the appellant and that these threats were communicated to him before the homicide.

After the shooting, appellant claimed that the deceased was armed and directed attention to a pistol on the floor. There is an issue of fact, however, upon the subject, and some of the State's witnesses were definite in their statements that at the time that the fatal shots were fired the deceased was making no demonstration, and both he and his father were holding their hands in a position indicating their defenselessness. Appellant did not claim to have acted upon apparent danger but that he acted upon the deceased using a deadly weapon.

Viewed in the light of the record, we do not think the trial court abused its discretion in holding that the absent testimony would not probably have brought about a different result.

There is complaint made that one of the witnesses testified that the deceased wore an overcoat and that there was a hole in the overcoat on the side corresponding with the wound upon the body of the deceased. The witness, it seems, identified the overcoat in the presence of the jury; also pointed out the hole. After this was done, counsel for appellant objected to a further exhibition of the coat to the jury. This objection was sustained. The bill does not reveal error. It is not made to appear from it that the clothing did not illustrate some controverted issue. Moreover, his objection to its exhibition to the jury was promptly sustained as soon as it was made.

The evidence supports the verdict. There is no error justifying a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1923.

LATTIMORE, JUDGE.—Appellant raises but two points, the first being that we erred in sustaining the action of the lower court in overruling his application for continuance. The bill of exceptions taken to the refusal of the continuance shows that complaint was then made of such refusal only on the ground that the witness Flourney was not present. By Flourney appellant expected to prove communicated threats. From the statment of facts we observe that a

number of other witnesses testified to communicated threats equally as serious as those claimed to be desired from the absent witness. This testimony was not controverted and the State attempted to make no issue upon the proposition of threats having been made or communicated. In McDowell v. State, 69 Texas Crim. 545, 155 S. D. Rep. 521, we held it not error to refuse a continuance for the absence of witnesses to testify concerning undisputed matters. The same principle applies here. While it is generally held that the question of cumulative testimony will not be considered in passing upon the refusal of a first application for continuance, still where the testimony for the defense shows the establishment without dispute of the issue to which the absent testimony would go, we think the question becomes one then to be left largely to the discretion of the trial judge in passing on the motion for new trial. When a motion for new trial is based upon the absence of witnesses for whom a continuance was asked, the trial court is necessarily given much discretion in determining the question as to whether or not had the absent testimony been present it would likely have produced a different result. Viewing the action of the trial judge in the instant case in this light and taking into consideration the fact that the testimony for the accused showed without controversy that threats were made and communicated, we would not feel inclined to hold that he should have granted a new trial because of the overruling of the continuance, nor that he exceeded his discretion in concluding that had the absent testimony been present it would not have produced a different result. Nor do we doubt the lack of showing of diligence for such witness.

The only other question complained of is that when a witness was on the stand the overcoat worn by deceased was shown him and he was asked in reference to a bullet hole. It is not shown that there was any blood on the coat and we know of no case in which this court has reversed for the sole error of the production of a garment worn by the deceased at the time of the homicide. The record shows that when appellant objected to any questions regarding the coat, same were sustained. We do not believe that in such case it is possible for any injury to have resulted to the accused.

A number of affidavits appear attached to appellant's motion for rehearing which we can not consider because upon matters which should have been presented in connection with the motion for new trial.

The motion for rehearing will be overruled.

*Overruled.*