C. C. CROSBY v. THE STATE.

No. 7362.   Decided December 19, 1923.

Rehearing denied June 25, 1924.

1.—Transporting Intoxicating Liquor—Statement of Facts—Bills of Exception—Practice on Appeal.

The corrections in the record have obviated the obstacles to the consideration of the statement of facts and bills of exception.

2.—Same—Evidence—Accomplice.

Where, upon trial of unlawfully transporting intoxicating liquor, the same occurred at a time when all participants therein came within the rule

of an accomplice witness, and such was the status of the State's witness relied upon, and the so-called corroborating testimony went no further than to express the opinion that it was intoxicating liquor, and was more of a suposition or theory, this testimony should have been withdrawn as requested and the corroboration failed to support the accomplice's testimony, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Dickens. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

W. H. Bledsoe, for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State's Attorney objects to the consideration of the statement of facts and bill of exceptions for the reason that neither is shown to have been filed in the trial court. Unless they were filed papers and were filed within the time prescribed by law, this court would be unauthorized to consider them. The record fails to show their filing. See Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W. Rep., 1029; Oliver v. State, 58 Texas Crim. Rep., 50.

In the absence of bills of exceptions and statement of facts which may be considered, the record reveals nothing for review.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1924.

MORROW, Presiding Judge.—The corrections in the record have obviated the obstacles to the consideration of the statement of facts and bills of exception.

The transaction upon which the prosecution is founded occurred on the 12th of July, 1921. Appellant and his three companions, one of them a man and two of them young women, took a cross-country automobile trip.

The conviction rests mainly upon the testimony of one of the young women. Her testimony is to the effect that on the trip the party possessed a half-gallon fruit jar containing a liquid which the appellant said was whisky. It was a colorless liquid, and the jar,

at the beginning of the journey, was about two-thirds full. The contents were consumed on the trip. The witness drank none of the liquid though she carried it part of the way, and after the jar was empty she, according to her testimony, held it to her lips and got a taste of its contents. She testified that she had never tasted whisky in her life and could only say that the taste was not pleasant, but was offensive; that her only knowledge of the matter was the statement of the appellant that it was whisky. Appellant testified and denied making this statement. He introduced testimony showing that he had a quantity of red whisky at his home which he had obtained before it became unlawful to possess liquor. According to his testimony, the liquid in question was given to him after he had started upon the trip by a person whom he named but who did not testify as a witness. Appellant testified that the liquid was not whisky but apparently was manufactured cider. From his testimony, it may be inferred that it had some alcoholic contents.

The transacton occurred at a time when all participants in the transportation of intoxicating liquor came within the rule of an accomplice witness, and such was the status of the State's witness relied upon. On the trip the parties stopped and spent the night at a hotel. The jar was taken into the hotel by the appellant's companions and they offered the clerk in the hotel a drink, which he declined. Pool, the clerk, in his testimony, verified the fact that he saw in the possession of one of the parties a fruit jar "that contained a white substance that I would take to be corn-whisky." He said that he had never handled any whisky that he knew of and that all that he saw was the jar with the white liquid in it; that it was not tasted or handled by him. His testimony went no further than to express the opinion that it was whisky; that his opinion, founded on the facts stated by him as related, was more of a supposition or theory.

There was testimony pro and con to the effect that the appellant at the time had the appearance of "having been drinking," and that about the same time he had pleaded guilty in the County Court to a charge of drunkenness. This he did, according to his testimony, not because of his guilt, but because he was told by his attorney that the county attorney had agreed that by entering such a plea, the present case would be dismissed.

Several witnesses who saw the liquid and tasted it gave the opinion that it was apple cider and that it was hardly fit to drink.

Appellant made a motion to withdraw the testimony of the witness Pool in which he gave the qualified opinion touching the contents of the jar. He also advanced the proposition that the testimony given by Pool, the substance of which has been detailed, was not adequate to meet the demands of the law requiring corroboration of the main State's witness. The court, in qualifying one of the bills, suggests that while the main State's witness was an accomplice, the

testimony of Pool was sufficient to authorize the submission to the jury of the question of corroboration. The correctness of this is questioned. Assuming, however, that with the opinion embraced in Pool's testimony the corroboration would be sufficient, we are of the opinion that his testimony should have been withdrawn. It was manifestly based upon no such knowledge as would authorize its receipt in evidence, and taking into account the fact that Pool's testimony is the sole reliance of the State to corroborate the accomplice, it is believed that the learned trial judge was not warranted in refusing to grant a new trial.

The motion for rehearing is granted, the affirmance heretofore rendered is set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*