ARTHUR STOLLEIS v. THE STATE.

No. 13654.   Delivered November 12, 1930.
Rehearing Denied January 28, 1931.
Second Rehearing Denied February 4, 1931.

The opinion states the case.

*B. D. Tarlton,* of Corpus Christi, for appellant.

*Oliver C. Aldrich,* Dist. Atty., of Edinburg, *Lloyd & Lloyd,* of Alice, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment, confinement in the penitentiary for two years.

We find in the record three bills of exception, none of which appear to have been filed. Unless said bills of exception were filed papers, and were filed within the time prescribed by law, this court would be unauthorized to consider them. The record failing to show the filing, we are not permitted under the decisions of this court to review the matters presented by said bills. Crosby v. State, 98 Texas Crim. Rep., 75, 263 S. W., 916; Rockholt v. State, 110 Texas Crim. Rep., 17, 7 S. W., (2d) 77.

The evidence is sufficient to show the burning by appellant of a store building belonging to another. It appears from appellant's confession that he had been induced by the owner of the stock of goods in the building to burn the building in order that the insurance on said stock of goods might be collected. Appellant offered witnesses who testified that in their opinion he was insane at the time of the commission of the offense.

The evidence being sufficient to sustain the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—By a supplemental transcript now on file with the clerk of this court appellant shows that the three bills of exceptions in this record were filed in the trial court on May 16, 1930, and were therefore entitled to be considered on this appeal. The clerk of the trial court had failed to put into the transcript the date of the filing of said bills. It seems useless for this court to comment on the delay and expense incident to such failures of the officers of the trial courts.

Bill of exception No. 1 was taken to the refusal of a subsequent application for continuance by appellant. As we understand said bill, this application was originally presented on February 13, 1930, and was based on the absence of a number of witnesses. The case was then postponed to February 20, 1930, at which time the application then presented rested solely on the absence of Dr. Phillips. A somewhat serious question of diligence arises in view of the fact that the indictment herein was returned in 1928, and the only subpoena appearing in the record for this witness was issued in February, 1930. There is a controverting affidavit of the district attorney in which he states that this witness was

served with a subpoena herein on February 12, 1928, but that he has never, within affiant's knowledge, appeared at court, and that no attachment had ever been asked or issued for him. Article 548, C. C. P., provides that in case such denial of diligence under oath be filed, the issue of diligence shall be tried by the judge, who shall hear testimony by affidavits, and grant or refuse the application as the facts and law demand. No affidavits are in this record as having been filed by either side after the state made its controverting affidavit to appellant's diligence. We would hesitate to hold the action of the trial court in overruling the aplication an abuse of his discretion. However, it appears that three other doctors used as witnesses for the defense on this trial, testified that appellant was insane, also a number of non-expert witnesses who knew appellant, gave testimony to the same eflect. No affidavit of Dr. Phillips was attached to appellant's motion for new trial. We observe that in the application it is set out that Dr. Phillips would swear that "Subsequent to the date of the commission of the alle~ed offense this defendant was under the care, treatment and observation of said Dr. Phillips, and that if present he would testify that defendant's condition was such as that at the time of the commission of the offense he was insane, and unable to distinguish between right and wrong." We note that on the question of insanity the State introduced some ten witnesses, one a doctor of experience, all of whom testified to their own association and acquaintance with appellant, their observation of him and their belief in his sanity at the time this offense was committed. The State also introduced a lengthy written confession of appellant describing in detail his movements at the time of, prior to and subsequent to the commission of the crime charged. In passing on a motion for new trial asked on the ground of refusal of a continuance, trial courts in a case like this have to pass on the truth and materiality of the absent testimony as well as the further question, viz.: whether if the absent testimony had been present a different result would likely have been obtained. The overruling of the motion evidences the fact that the trial judge did not think there would likely have been any different result. We do not believe there was an abuse of or an arbitrary exercise of such discretion. Hunter v. State, 59 Texas Crim. Rep., 439, 129 S. W., 125; Lane v. State, 59 Texas Crim. Rep., 595, 129 S. W., 353; Johnson v. State, 61 Texas Crim. Rep., 104, 134 S. W., 225; Furnace v. State, 79 Texas Crim. Rep., 59, 182 S. W., 454; Keel v. State, 84 Texas Crim. Rep., 43, 204 S. W., 863; Morse v. State, 85 Texas Crim. Rep., 83, 210 S. W., 965; Brown v. State, 85 Texas Crim. Rep., 618, 215 S. W., 97; Russell v. State, 88 Texas Crim. Rep., 582; 228 S. W., 948; Hughes v. State, 95 Texas Crim. Rep., 65, 252 S. W., 774. In determining whether such discretion has been abused, the testimony before the court, as well as the absent

testimony, may be looked to. Bookout v. State, 95 Texas Crim. Rep., 562, 255 S. W., 441.

When appellant's confession was offered in evidence by the State it was objected to. Same contained the statutory warning, but upon objection being made, evidence was heard, which is set out in a bill of exception. The confession appears to be admissible, but in view of the testimony the trial court correctly submitted the issue to the jury in the charge. We see no reason for believing the procedure erroneous.

There is nothing in the remaining bill of exception. As a result of the making of a statement to the sheriff by appellant, the saw used by him to effect an entrance into the building on the night of the alleged burning, was found. This made admissible appellant's statement, even though he may have been under arrest and unwarned at the time he made it. Hughes v. State, 86 Texas Crim. Rep., 611, 218 S. W., 1048; Hilliard v. State, 87 Texas Crim. Rep., 416, 222 S. W., 553.

We are of opinion the motion for rehearing should be overruled, and it is accordingly so ordered.

*Overruled.*

ON REQUEST TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the opinion on rehearing delivered January 28th, 1931, was the first on the merits of the case and that under such circumstances he should be permitted to file a second motion for rehearing, pointing out what he conceives to be errors in disposing of his appeal. Under the circumstances we have carefully examined his second motion and find he is correct in assuming that in our original opinion we did overlook process attached to the application for continuance for the witness Dr. Phillips, which was issued on the 11th day of February, 1929, at the instance of appellant, and served upon the witness on the 12th day of February, 1929. This might have some bearing on the question of diligence. While an expression in our opinion of date January 28th might be construed as questioning the diligence as to this witness, the opinion was not based on that point, but turned upon the application of the principle stated by Mr. Branch in his Ann. Tex. P. C., page 188, Sec 319, as follows:

"It is not in every case, however, where the absent testimony is material and probably true, that the Appellate Court will revise the ruling of the trial judge in denying a continuance and a new trial to defendant. It is only in a case where, from the evidence adduced on the trial, the Appellate Court is impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted."

Recognizing that our court has been more liberal in applying the rule of "diligence" to procure testimony upon the issue of insanity than in other respects, it was not the intention of those cases, nor do we think their effect such as to deprive the trial court of discretion to determine upon motion for new trial whether in view of all the evidence heard upon the trial it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to appellant would have resulted. We have carefully re-examined all the evidence. The confession of appellant made a few days after the offense was committed went into many details, and described minutely his acts both before and after the crime was committed. These details were shown to be true by other evidence. They relate to matters such as one whose mind was impaired would likely not have remembered. It is further shown from the face of the confession itself that appellant knew the right and wrong of the crime, not only in its contemplation, but in its execution, and in an effort to hide the perpetrators by secreting the instruments with which it was effected. Those people with whom he lived, slept and ate, and those who associated with him daily, gave evidence convincing to any jury that appellant was not insane in contemplation of law at the time the offense was committed. It would extend this opinion to unnecessary length to set out in detail all the evidence, but from it we are confirmed in our view that the learned trial judge was well within his discretion in refusing a new trial. It does not occur to us that it was at all reasonably probable that the absent testimony, if it had been before the jury, would have brought about a more favorable verdict.

The second motion for rehearing is denied.

*Overruled.*