### J. C. WHALEY v. THE STATE.

No. 18070. Delivered April 1, 1936.

The opinion states the case.

*Mays & Mays,* of Fort Worth, for appellant.

*Will R. Parker,* Criminal District Attorney, and *Leo Brewster* and *H. C. Wade,* Assistant Criminal District Attorneys, all of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for eight years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed T. A. Nichols by cutting, slashing and stabbing him with a knife.

The homicide occurred on the 9th of September, 1934. At the end of a game of dice, which had been in progress for several hours, deceased and appellant had a difficulty over a check deceased had put in the game and lost. During the difficulty appellant mortally wounded deceased by stabbing him with a knife. It was the State's theory, given support in the testimony, that deceased was making no effort to inflict injury on appellant at the time appellant stabbed him. Testifying in his own behalf, appellant admitted that he killed deceased. However, according to his version, he acted in self-defense.

After deceased had been killed the participants in the dice game, including appellant, left the scene, and the body of deceased was not moved until the following day. The State introduced a witness who testified that when he went to the body there were ants on it. Upon appellant's objection the

jury were instructed not to consider said testimony. If it should be conceded that the proof was improper, (and this is not conceded), we think that, in view of the instruction of the court, reversible error is not presented.

After appellant was arrested he stated to officers that he had hidden the knife with which he had stabbed deceased in a barn between two bales of hay. In connection with said statement he told the officers he had washed the blood off of the knife.

We think this testimony was admissible. The officers went to the place where appellant said he had hidden the knife and there found it. Art. 727, C. C. P., provides, in substance, that an oral confession made by the accused while under arrest is admissible if he makes statements of facts or circumstances that are found to be true which conduce to establish his guilt, such as the finding of secreted or stolen property or the instrument with which the offense was committed. See Williams v. State, 67 S. W. (2d) 269.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.