HORACE SMALL V. THE STATE.

No. 18930.   Delivered April 14, 1937.

. The opinion states the case.

*Hamilton & Fitzgerald,* of Memphis, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of whisky upon which the state tax had not been paid; penalty assessed at a fine of ten dollars.

The prosecution is based upon a complaint and information charging the possession of a bottle of whisky to which there was not affixed a stamp showing the payment of the tax due to the State of Texas and to which bottle there was not affixed an affidavit showing that said whisky had been withdrawn from a tax-paid container.

Three peace officers saw the appellant at the Pounds Cafe in the city of Memphis on the night of December 6, 1935. The appellant was drunk and abusive and was trying to take a drink in the cafe. He was brought out of the cafe and a bottle of whisky taken from his hip pocket. He was then taken to the city jail.

The bottle of whisky taken from the appellant was introduced in evidence upon the trial. One of the officers testified that there was a government stamp on the bottle of whisky but there was no stamp or anything showing that the state tax had been paid.

The appellant did not testify, nor did he introduce any testimony upon the trial.

Appellant excepted to the fourth paragraph of the court's charge which instructed the jury as follows:

"In all criminal cases the defendant is permitted by law to testify in his own behalf, but his failure to do so must not be considered by the jury as any evidence against him. The defendant in this case having failed to testify, you are instructed that you cannot consider such failure to testify as any evidence against him and you positively must not discuss such failure or even refer to or consider the same."

The particular complaint raised is that the portion of the charge which reads, "The defendant in this case having failed to testify, etc.," insinuates a culpable omission on the part of the appellant and conveys the impression that he should have testified upon the trial. We think the contention is untenable. The language used by the court is substantially the same as that embraced in the statute, Art. 710, C. C. P. This is exemplified by many references by Mr. Branch in his Ann. Tex. P. C., p. 211, sec. 377.

In a special requested charge the appellant sought to make

complaint of the following remarks of the prosecuting attorney:

"Is there a stamp on the affidavit showing that it was from a tax paid container on the bottle?

"Is there a tax stamp on the bottle? I leave it to you to decide."

The remarks quoted are not regarded as justifying a reversal of the judgment. In fact, the impropriety of them is not perceived.

The judgment is affirmed.

*Affirmed.*