PIO QUESEDA V. THE STATE.

No. 19014. Delivered May 19, 1937.

The opinion states the case.

*J. G. Foster* and *R. F. Robinson,* both of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Fernando Ramirez by shooting him with a gun.

According to the testimony of the State, appellant made an unprovoked attack on deceased prior to the homicide and stabbed him several times with a knife. Later, according to declarations made by appellant to the officers, he shot deceased with a gun. In connection with the statement he made to the officers, appellant led them to the scene of the homicide and to the place where he had hidden the gun. Thus it appears that, as a result of appellant's confession, the officers found the weapon with which he committed the offense. The examining physician testified that the gunshot wound caused the death of deceased.

Appellant did not testify and introduced no witnesses.

We are constrained to overrule the contention of appellant that the evidence is insufficient to support a conviction for murder with malice.

Several bills of exception relate to appellant's objection to the testimony of the officers to the effect that appellant made

an oral confession in which he stated to them that he had killed deceased by shooting him with a gun. It has been observed that, in connection with his confession, appellant told the officers where he had hidden the gun with which he killed deceased, and that said officers went to the place pointed out by appellant and there found said weapon. Under the circumstances, the opinion is expressed that appellant's objection was not well taken. Art. 727, C. C. P., provides, in substance, that an oral confession made by the accused while under arrest is admissible if, in connection with said confession, he makes statements of facts or circumstances that are found to be true which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which the offense was committed. See Williams v. State, 67 S. W. (2d) 269, and Whaley v. State, 92 S. W. (2d) 1040.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.