## BILLY JOE RIDDLE V. THE STATE.

No. 23651. Delivered May 7, 1947.

*James E. Martin,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for life.

This is a companion case to that of Young v. State, No. 23,594, decided by this Court on the 26th day of February, 1947,

but not yet reported. (Page 318 of this volume.) In the opinion of that case, the salient facts are set forth, and since the facts proved on the trial of this case are in all essential parts similar to the facts in that case, we do not deem it necessary to state them here. The evidence is ample to sustain the conviction.

By Bill of Exception No. 1 he complains of the testimony given by J. E. Decker, to the effect that while he had appellant in custody, appellant told him, Decker, that he, Young, and Jett, each raped a girl on the night in question; that they had a pistol and a rifle; that by displaying the firearms, accompanied by serious threats, they forced the girls to submit to sexual intercourse. Appellant informed the officers where the guns were located and as a result of the information given, the officers went to the places indicated, obtained the guns, and brought them into court. Appellant objected to the testimony on the following grounds: that he was under arrest, that it was a verbal statement not reduced to writing, and no warning was given him as required by Art. 727, C. C. P.

It occurs to us that this evidence was admissible because the firearms which the appellant and his companion used in putting the girls in fear for their lives were found as a result of the statement which he made to the officers. If the appellant and his companions had robbed these girls of money instead of their virginity by putting them in fear for their lives, could it be said that any statement he made to the officers which led to the recovery of the firearms used in the commission of the offense would not be admissible? We do not think so under the holding of this Court in the following cases: Halbert v. State, 138 Tex. Cr. R. 592, Queseda v. State, 132 Tex. Cr. R. 497, Stolleis v. State, 117 Tex. Cr. R. 26. See also note 13 under Art. 727, C. C. P. where many authorities touching the question are cited. We see no good reason why the rule announced in the cases cited should not apply in the instant case.

By Bill of Exception No. 2 he complains of certain testimony given by Thelma Denman as to what was said and done by appellant at the time and place of the commission of the offense charged in the indictment. This evidence was admissible as a part of the res gestae. Furthermore, the record reflects that appellant and his companions, Jett and Young, had entered into a conspiracy to ravish the girls. Consequently, what was said and done by either of the co-conspirators during the existence of the conspiracy and in furtherance of the common design was admissible against the one on trial though

said and done in his absence. See Zweig v. State, 171 S. W. 751, Serrato v. State, 171 S. W. 1138, and Eggleston v. State, 59 Tex. Cr. R. 542. See also Branch's Ann. P. C., page 353 where many authorities are cited sustaining the opinion here expressed.

By Bill of Exception No. 3 he complains of certain testimony given by Billie Dorris Whitehead as to what was said and done by Jett and Young at the time and place in question during the pendency of the conspiracy. This evidence was also admissible for the same reason stated in disposing of Bill No. 2.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.