**David Charles WHITLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42196.**

Court of Criminal Appeals of Texas.

July 9, 1969.

Rehearing Denied Oct. 15, 1969.

Irwin & Scales, by R. T. Scales, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for felony theft; the punishment, four years.

The state's testimony reveals that after the complaining witness, Caraway, had left a bank and was in his pickup on an adjoining parking lot, a man hereafter referred to as Fats, approached him and asked where a certain rooming house was located and offered Caraway twenty dollars to take him to the rooming house. The search for the rooming house led Caraway to a meeting with another man who will be referred to as Scarface. At Scarface's suggestion, he tooks Fats and Caraway behind an apartment complex to

meet a friend of his who was identified at the trial as the appellant. About this time Fats exhibited a large roll of currency and he began to challenge and provoke Caraway into producing money upon the premise that he could produce at least three times as much money as Caraway. The challenge resulted in Caraway returning to the bank and drawing out $300 in currency upon the promise that Fats would give him three dollars for every one dollar that Caraway produced, Caraway was accompanied to the bank by Scarface, and Fats and the appellant remained at the same location until Caraway and Scarface returned.

Upon returning, Caraway gave the money to the appellant Whitley, who counted it and gave it back. Whitley then tossed the large roll of currency to Caraway, telling him to put his money with it. At this point, Fats agreed that he would pay to Caraway three dollars for every one dollar he had produced. After a delay of fifteen minutes, Fats placed the money next to a brick wall and the appellant told Caraway to watch it. Fats, Scarface, and the appellant then left the scene, promising to return in fifteen minutes. As soon as the three men went around the corner of the apartment house, some 60 or 70 feet away from Caraway, he realized what had happened and he went to find them. Upon his return without finding them, he found there was no money at the wall.

The failure of the court to charge upon the law applicable to circumstantial evidence is urged as a ground of error.

As Fats continued to challenge Caraway, Scarface and appellant called Caraway to the rear of the pickup and asked him how much money he had. Caraway said, "I think it's three hundred twenty-six dollars." Then appellant and Scarface said, "If you've got the money show it to me." Next, Caraway and Scarface went to the bank, and Caraway withdrew three hundred dollars in currency. Then they returned to the scene, and the appellant asked Caraway if he got the money; then Caraway handed the money to the appellant. The appellant counted the money and returned it to Caraway; then threw $15,000 to Caraway, and said, "Put your money with it.", which Caraway did. Next, Fats placed the money next to a brick wall, and the appellant told him to watch it and that they would be back in fifteen minutes. Then the three men left together. A short time later three or four men were seen in the vicinity travelling in a car belonging to a David Whitley.

■ The close relation and participation of the appellant in the alleged taking of the money as shown by the facts and circumstances in evidence obviates the necessity of charging on circumstantial evidence. 4 Branch 2d 358, Sec. 2050.

The second ground of error urges: "The question as to whether or not the Appellant was present and knowing the intent of the others in taking the money and aiding and encouraging in that act was not submitted to the jury."

■ The objections complain of the charge upon the law of principals and accomplices for the reason that any evidence thereof is based upon hearsay and is not corroborated; that such charge assumes that the defendant made representations and is a comment upon the weight of the evidence and places a greater burden upon defendant than required by law; and assumes that the defendant acted with others and is a comment upon the weight of the evidence.

None of the objections made to the charge direct the trial court's attention to the matters urged in the ground of error.

From an examination of the charge given in light of the objections made, no error is perceived.

The judgment is affirmed.

WOODLEY, P. J., not participating.