**Dallas Halden TANKCRED, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42913.

Court of Criminal Appeals of Texas.

June 2, 1970.

Rehearing Denied July 15, 1970.

Francis G. Culhane, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., David A. Robertson, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 20 years.

Trial was before a jury on a plea of not guilty and the jury assessed the punishment.

The sole ground of error set forth in appellant's brief filed in the trial court is:

"This Honorable Court erred in admitting over the objection of the Defendant the hearsay testimony of prosecuting witness Hugh Bonham when he, Hugh Bonham, testified that, in the absence of the Defendant, his co-conspirator had told Hugh Bonham that the Defendant wanted to cut his throat."

The ground of error relates to the following testimony of the prosecuting witness, the objections and the court's rulings thereon.

Having testified that appellant, a girl and one Watkins were invited guests in his home; that Watkins stepped behind him, hit him in the head with a pistol and held the pistol on him while appellant kicked the glass out of his gun cabinet and got two pistols, one of which was loaded; put the loaded pistol in front of his face, pulled the hammer back and threatened to kill him, and took from him some ammunition, his money and his watch, the prosecuting witness further testified:

"Q. * * * Now, would you tell us what happened after you were slapped around by the Defendant?

"A. The next thing I can say, without any objections or something, I suppose, is that the other man taped my hands behind me, my wrists, with about two-inch adhesive tape; taped my arms behind me; taped my ankles together, and taped that to the footboard of the bed; put tape across my eyes and nose and mouth; and he told me that this man Tankcred wanted to cut my throat. He said, 'You can consider yourself lucky * * *'"

"MR. LYNN: If it please the Court, we object to what the other man told him that this man wanted to do.

"A. That's what he told me.

"THE COURT: Overrule the objection.

"Q. All right. Watkins told you that Tankcred wanted to do what?

"A. Wanted to cut my throat. See, when I unlocked the bottom of my gun cabinet to get that ammunition there was a hunting knife slid out that I had in the bottom of my gun cabinet, there was a hunting knife in there too.

"Q. What else did Watkins tell you? * * * Was this while you were taped to the bed?

"A. While he was taping me.

"Q. All right. What else did he tell you?

"MR. LYNN: For the purpose of possible objection, was this Defendant present at the time, Mr. Bonham?

"THE WITNESS: He was making his trips back and forth to load the stuff in my pickup.

"MR. LYNN: Was he present at this particular instance about which you are getting ready to testify?

"THE WITNESS: I don't know. What I was getting ready to testify, or what I just said?

**136**

"MR. LYNN: What you just said and what you were getting ready to testify to, both?

"THE WITNESS: How do you know what I am fixing to say?

"MR. LYNN: I don't know what you are fixing to say, but I want to know if he was present at the time. Was he present at the time of what you just testified to about Tankcred wanted to cut your throat?

"THE WITNESS: I just said I didn't know.

"MR. LYNN: We object—

"THE WITNESS: With tape over my eyes and nose how would I know?

"MR. LYNN: We object because the Defendant was not present at the time and ask that the jury be instructed not to consider it.

"MR. DICKEY: Your Honor, the State would offer that conversation whether or not—assuming that Mr. Tankcred was absent— as being part of the res gestae of this offense in furtherance of the robbery.

"THE COURT: Overrule the objection."

The statement complained of was part of the res gestae and admissible as such. 4 Branch's Ann.P.C.2d, Sec. 2243, and cases cited. The statement was made while the robbery was still in progress and before the parties fled the scene with the fruits thereof. It was admissible against appellant even though said in his absence. Echols v. State, Tex.Cr.App., 370 S.W.2d 892; Riddle v. State, 150 Tex.Cr.R. 419, 201 S.W.2d 829.

The judgment is affirmed.