**Allen Larrey SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42914.

Court of Criminal Appeals of Texas.

June 17, 1970.

Rehearing Denied July 22, 1970.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Camille Elliott, Harry J. Schulz, Jr., W. T. Westmoreland, Jr. and John B. Tolle, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault with firearms; the punishment, 99 years.

The sufficiency of the evidence is not challenged.

In his first ground of error appellant contends the trial court erred in overruling his motion to quash the jury panel since he had not been served with "a copy of the names of the persons summoned as veniremen from which the jury was to be selected to try his case."

This appeal thus presents the question of the applicability of Article 34.04, Vernon's Ann.C.C.P., to a case where the State has failed to give written notice that it will seek the death penalty.

Article 34.04, supra, found in the chapter entitled "Special venire," provides as follows:

"No defendant in a capital case shall be brought to trial until he shall have had at least two days (including holidays) a copy of the names of persons summoned as veniremen, for the week for which his case is set for trial except where he waives the right or is on bail. When such defendant is on bail, the clerk of the court in which the case is pending shall furnish such a list to the defendant or his counsel at least two days prior to the trial (including holidays) upon timely motion by the defendant or his counsel therefor at the office of such clerk, and the defendant shall not be brought to trial until such list has been furnished defendant or his counsel for at least two days (including holidays). Where the venire is exhausted, by challenges or otherwise, and additional names are drawn, the defendant shall not be entitled to two days service of the names additionally drawn, but the clerk shall compile a list of such names promptly after they are drawn and if the defendant is not on bail, the sheriff shall serve a copy of such list promptly upon the defendant, and if on bail, the clerk shall furnish a copy of such list to the defendant or his counsel upon request, but the proceedings shall not be delayed thereby."

Only recently the history of this statute and its forerunners was reviewed and it was again held mandatory in a capital case where the State was seeking the death penalty and where such extreme penalty was assessed by the jury. Marshall v. State, Tex.Cr.App., 444 S.W.2d 928.

On the date the instant trial commenced (November 20, 1968) the appellant filed a motion to quash the jury panel for a failure to comply with Article 34.04, supra. On the same date the State filed its written notice that it would not seek the death penalty, applicable to the offense charged under the provisions of Article 1408, Vernon's Ann.P.C., no previous announcement, motion or notice having been given. The order of the filing does not appear of record. Prior to jury selection, however, at the commencement of the hearing on the said motion to quash at which it was shown the appellant was in custody, we do observe that the trial judge made the comment, "The capital feature of this has been withdrawn." Further, the formal judgment contained in the record approved without objection reflects that prior to arraignment and jury selection the State made known to the court in writing that it would not seek the death penalty.

Article 1.14, supra, provides as follows:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. When the State makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty, nolo contendere, or not guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed."

In Clardy v. State, Tex.Cr.App., 436 S.W.2d 535, this Court held that when the State filed written notice that it would not seek the death penalty such penalty passed out of the case and "the case was in effect reduced to a non-capital case by virtue of the provisions of Article 1.14, supra." To the same effect is Elliott v. State, Tex.Cr.App., 412 S.W.2d 320.

■ And when the State waives the death penalty we do not view the prohibition against the imposition of such punishment as limited to cases where the jury

has been waived. See Elliott v. State, supra. See also Article 37.07, V.A.C.C.P., 1967. Cf. Article 37.07, V.A.C.C.P., 1965.

The forerunner of Article 34.04, supra, was former Article 601, V.A.C.C.P., 1925, which was found in a chapter of the old Code entitled "Special Venire in Capital Cases," which preceded the chapter "Formation of a Jury in a Capital Case." Such chapters were applicable to the trial of capital felony cases where death was a possible penalty, the State not then having the authority to waive the death penalty. The selection of juries in non-capital cases was governed under the old Code by Chapter Four thereof entitled "Jury in Cases Not Capital." Often, under the former Code when the State sought a punishment less than death in a capital case being tried, it was necessary to observe the jury selection procedure prescribed for capital cases since the death penalty was still a possible penalty. Frequently much unnecessary time, effort and expense were wasted. To avoid the same it was not uncommon for the State to waive and abandon the capital feature of an indictment, i. e., the firearm or deadly weapon allegation in a robbery indictment in order that the case might proceed as a non-capital case of robbery by assault,[1] or permit the defendant to plead to a lesser included offense to the one charged in the indictment.

There can be no question, however, that former Article 601 (now 34.04) supra, had application to all cases where death was still a possible penalty. Where the defendant in a capital case under the former Code was in custody, it was mandatory that the special venire or jury list be served upon him one full day (now two days) prior to trial, though the right to service of a copy of such list was considered waived if not asserted or claimed in limine. The defendant "on bail" was also entitled to such list upon timely application, but such right could likewise be waived by the failure to make a request for the same. See Houillion v. State, 3 Tex.Cr.App. 537; Roberts v. State, 5 Tex.Cr.App. 141. See also 35 Tex.Jur.2d, Sec. 159, p. 227. If there had been a failure to serve a copy of such list and the defendant asserted his right under Article 601 (now 34.04), the remedy was simply to see that service of such list was made upon the defendant and to pass the case for one full day (now two days). Such action would meet the requirements of the statute. Marshall v. State, Tex.Cr.App., 444 S.W.2d 928 and cases there cited. The failure of the State to have complied with the statute on the date set for trial did not waive the death penalty or reduce the case to a non-capital one.

■ And it is clear that Article 601 (now 34.04) had no application to the trial of non-capital cases even where the maximum possible punishment was life.

The sole aim of former Article 601 (now 34.04) supra, was to compel the service of an authentic copy of the special venire, or jury panel for the week (see Article 601-A, V.A.C.C.P.) unless waived, so that a copy of such list would be in the accused's hands at least one day (now two days) before he is called upon to select the jurors in a case where death is a possible penalty. See Adams v. State, 95 Tex.Cr.R. 226, 252 S.W. 797.

■ In the 1965 Code of Criminal Procedure the Legislature sought to eliminate as far as possible the unnecessary differences between the selection of juries in capital cases and non-capital cases (see Chapter 35—"Formation of the Jury"— Articles 35.01–35.28, incl.) retaining certain distinctions in capital cases where the State was seeking the death penalty.

---

1. And it has been held that when the capital feature of an indictment for robbery by assault with a firearm has been abandoned, the defendant is not entitled to a special venire. Caballero v. State, 171 Tex.Cr.R. 133, 346 S.W.2d 343; 35 Tex. Jur.2d, Jury, Sec. 141, p. 205.

Among some of the statutes relating to jury selection found in the 1965 Code of Criminal Procedure are the following:

Article 35.13, V.A.C.C.P., 1967, provides:

"A juror in *a capital case in which the state has made it known it will seek the death penalty,* held to be qualified, shall be passed for acceptance or challenge first to the state and then to the defendant. Challenges to jurors are either peremptory or for cause." (emphasis supplied)

Even before the 1967 amendment to such statute, the 1965 version of Article 35.13, supra, was held inapplicable to non-capital cases, even those cases where the indictment originally charged a capital offense. Fuller v. State, Tex.Cr.App., 409 S.W.2d 866; Elliott v. State, Tex.Cr.App., 412 S.W.2d 320; McClain v. State, Tex.Cr. App., 432 S.W.2d 73.

Article 35.15, V.A.C.C.P. (Number of challenges) provides in part:

"(a) *In capital cases* both the State and defendant shall be entitled to fifteen peremptory challenges.  *  *  *

"(b) *In non-capital felony cases and in capital cases where the State has made known to the court that it will not seek the death penalty,* the State and defendant shall each be entitled to ten peremptory challenges." (emphasis supplied)

In Article 35.16 (616) V.A.C.C.P. (Reasons for challenge for cause) it is stated:

"(a)  *  *  *

"(b) A challenge for cause may be made by the State for any of the following reasons:

"1. That the juror has conscientious scruples in regard to the infliction of the punishment of death for crime, *in a capital case, where the State is seeking the death penalty  *  *  **"

Article 35.17, V.A.C.C.P. (Voir dire examination) provides:

"1. When the court in its discretion so directs, in a misdemeanor or non-capital felony case, *or in a capital case in which the state's attorney has made known that he will not seek the death penalty,* the state and defendant shall conduct the voir dire examination of prospective jurors in the presence of the entire panel.

"2. *When the state's attorney has made known that he will seek the death penalty,* the court shall propound to the entire panel of prospective jurors questions concerning the principles, as applicable to the case on trial, of reasonable doubt, burden of proof, return of indictment by grand jury, presumption of innocence, and opinion. Then, on demand of the State or defendant, either is entitled to examine each juror on voir dire individually and apart from the entire panel, and may further question the juror on the principles propounded by the court." (Emphasis supplied.)

Article 35.25, V.A.C.C.P. (Making peremptory challenge) also provides:

"In non-capital cases *and in capital cases in which the State's attorney has announced that he will not qualify the jury for, or seek the death penalty,* the party desiring to challenge any juror peremptorily shall strike the name of such juror from the list furnished him by the clerk." (Emphasis supplied.)

Under Article 1.14, supra, when the State has made known to the court *in writing* in open court that it will not seek the death penalty, the defendant may then waive jury trial and enter a plea before the court. Where trial by jury is not waived the State, under the foregoing provisions of Chapter 35 of the Code of Criminal Procedure, is required *only* to make it known to the court, or make it known, that it will not seek the death penalty, or announce it will not qualify the jury for, or seek the death penalty.

█ We, therefore, hold that when the State has failed to give the prescribed written notice as required by Article 1.14, supra, that it will seek the death penalty, or has withdrawn such notice, already given, and announces ready and goes to trial before a jury, such action is tantamount to making it known to the court that the State will not qualify the jury on, or seek the death penalty. Clearly under such circumstances, while the nature of the offense does not change, the case becomes a non-capital case as to the accused and the provisions of Article 34.04, supra, has no application to such case.[2]

█ In the instant case the State had never given any notice that it intended to seek the death penalty prior to announcing ready for trial before the jury. Therefore, the appellant is in no position to claim the benefits of Article 34.04, supra. Our decision in this regard is reinforced by the fact that prior to trial the State filed a written notice that it would not seek the death penalty, which is a desirable and commendable practice in jury trials if that is the State's intention.

We are not impressed with the contention that since Article 1.15, V.A.C.C.P., refers to "capital cases where the State has waived the death penalty," and Article 37.-07, V.A.C.C.P., and other statutes refer to "capital cases where the state has made it known in writing prior to trial that it will seek the death penalty," that Article 34.04's reference to "a capital case" has application to the instant case.

Ground of error #1 is overruled.

█ Next, appellant urges the court erred in overruling his motion to require the State "to list witnesses and prospective witnesses." He cites and relies on Article 39.14, V.A.C.C.P. (Discovery.). We need not pass upon this contention. While the motion was first overruled by the court, it was later granted and the list of such witnesses appears in the record. This was not a request for an endorsement upon the indictment of the names of witnesses upon whose testimony the indictment was found, see Article 20.20, V.A.C.C.P.; 1 Branch's Ann.P.C., 2d ed., Sec. 534, p. 511, nor a claim of the denial of the names of witnesses subpoenaed by the State. If appellant was entitled to the names of witnesses requested he has failed to point out how he was harmed by the delay in granting his request.

Ground of error #2 is overruled.

█ The appellant further contends the court erred in overruling his motion for discovery. Parts of the motion were clearly too broad to be effective and do not reflect the "good cause" required by Article 39.14, V.A.C.C.P. See Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 408. Under the express provisions of Article 39.14, supra, the appellant was not entitled to the written statements of witnesses and the work product of counsel and their investigators. And appellant failed to show any "particularized need" which would have entitled him to the grand jury testimony. See Garcia v. State, Tex. Cr.App., 454 S.W.2d 400 and cases there cited. Further, we note that the appellant has failed to show that the matters sought

2. A like or similar situation may well be presented in cases where the alleged offense was committed before the accused became 17 years of age, for Article 31, V.A.P.C., provides: "A person for an offense committed before he arrived at the age of seventeen years shall in no case be punished by death." See Ex parte Adams, Tex.Cr.App., 383 S.W.2d 596; Ex parte Enderli, 110 Tex.Cr.R. 629, 10 S.W. 2d 543. Cf. Walker v. State, 28 Tex.App.

503, 13 S.W. 860. See also Footnote #1.

Further, we observe Article 47, V.A. P.C., which provides in part:

" * * * An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor. Felonies are either capital or not capital. An offense for which the highest penalty is death is a capital felony. * * * "

to be discovered were material to his defense or the issue of punishment or that items sought were in the possession of the prosecution and withheld. Bell v. State, Tex.Cr.App., 442 S.W.2d 716.

Ground of error #3 is overruled.

■■■ The court instructed the jury in part as follows:

"The Court further instructs you that the law allows the defendant to testify in his own behalf, but a failure on his part to do so is not a circumstance against him, and no presumption of guilt can be indulged in by the Jury for a failure on his part to do so. I instruct you in this case not to consider, discuss or even refer to such failure on the part of the defendant to testify during your consideration of this case."

Relying upon Mosby v. State, 440 S.W.2d 230 (Ark.) and State v. Zaragosa, 6 Ariz. App. 80, 430 P.2d 426, the appellant contends the court's charge constituted a comment on the weight of evidence and an infringement of his privilege against self incrimination. See also Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L. Ed.2d 106. The claimed fault is that it singles out the fact that the appellant did not take the stand.

As noted by the State, the charge was in substantial compliance with Article 38.08, V.A.C.C.P., and Willson's Criminal Forms, Seventh Edition, Sec. 3582. See also McClung, Jury Charges for Texas Criminal Practice, Revised Edition, 1967.

In 31 Tex.Jur.2d, Instructions, Sec. 163, p. 744, it is written:

"A defendant in a criminal action is permitted to testify in his own behalf, but his failure to so testify should not be taken as a circumstance against him. Thus the court may instruct the jury not to consider the failure of an accused to testify as a circumstance against him, though it constitutes an allusion to his failure to testify. However, the court is under no duty to give an instruction on the failure of the defendant to testify in his behalf, and omission to charge on the subject does not constitute prejudicial error. When such an instruction is given the language of the code may be followed."

See also Article 38.08, supra, note 107; Article 36.14, V.A.C.C.P., note 420; 1 Branch's Ann.P.C., 2nd. ed., Sec. 397, p. 419; Gaines v. State, 167 Tex.Cr.R. 271, 320 S.W.2d 157; Galan v. State, 164 Tex. Cr.R. 521, 301 S.W.2d 141.

In Small v. State, 132 Tex.Cr.R. 279, 104 S.W.2d 52, it was held that instruction on defendant's failure to testify being substantially the same as that embraced in the statute may not be objected to as insinuating culpable omission on the part of the defendant or as conveying impression that he should have testified. And in Compton v. State, 148 Tex.Cr.R. 53, 184 S.W.2d 630, it was held that unless the court was permitted to so charge the court would be powerless to instruct the jury to observe Article 710, V.A.C.C.P., 1925 (now Article 38.08) which prohibits taking such failure as a circumstance against the defendant.

Bellard v. United States (5 Cir.), 356 F.2d 437, cert. den. 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83, held it was not error for the trial court, of its own volition, to instruct the jury that a defendant's failure to testify cannot be considered as a circumstance against him. See also United States v. Carter, 422 F.2d 519 (6 Cir.); Friloux, Federal Court's Charge On Defendant's Failure to Testify, 6 South Texas Law Journal 15.

In the instant case the record does not reflect whether the instruction was given at the request of the appellant or by the court sua sponte. Appellant made no objection, however, to the court's charge nor offered a special requested charge. See Articles 36.14 and 36.15, V.A.C.C.P. See also Article 36.19, V.A.C.C.P. Even in Mosby v. State, supra, relied upon by the

appellant, there was an objection by the defendant and the Arkansas Supreme Court held that the instruction should not be given against his wishes. And in State v. Zaragosa, supra, where the giving of such an instruction was considered error, it was not such error as to warrant a reversal.

We perceive no error.

Ground of error #4 is overruled.

As a practical matter, most trial courts do not give the instruction over the objection of the accused, letting the record clearly reflect the charge was withdrawn at the request of the defendant and his counsel.

For an interesting discussion of the question raised by appellant see 18 A.L.R. 3d 1335.

■ In his fifth ground of error appellant complains of the testimony of a material State's witness as to the declaration of a third person not made in the presence and hearing of the appellant.

The record reflects that Donald McKee, a store manager at a Minyard's store in Dallas, was robbed at gunpoint on Sunday, February 11, 1968, by three men, one of whom was clearly identified as the appellant.

Ricardo Gonzales, a 16 year old checker, identified the appellant as the man who forced him to "sack up" the money from his cash register and then took him to a back room.

The complained of testimony on direct examination, which involved an unresponsive answer, is as follows:

"Q. (By the prosecuting attorney): Okay. Now, when he (the store manager) got back there (the back room of the store), did you see anything happen to him?

"A. Yes. He (the store manager) was the last one in (the back room) and he said, if he could just have given them (the perpetrators of the crime) the money and let everybody keep their wallets, he said, let us keep our wallets, because—

"MR. STREET (Defendant's attorney): We object to anything he says that the manager said. If they want to, they can call the manager.

"THE COURT: He said the manager said it.

"THE WITNESS: Yes, I heard the manager say it.

"THE COURT: Objection overruled.

"MR. WALVOORD: Was this Defendant present there at that time?

"A. I don't know."

Gonzales testified that two of the three men were in the back room at the time of the remarks. Later McKee, the store manager, testified without objection that when he made such statement the appellant was present and struck him.

When confronted with a similar contention in Tankcred v. State, Tex.Cr.App., 456 S.W.2d 134, this Court said:

"The statement complained of was a part of the res gestae and admissible as such. 4 Branch's Ann.P.C., 2d, Sec. 2243 and cases cited. The statement was made while the robbery was still in progress and before the parties fled the scene with the fruits thereof. It was admissible against appellant even though said in his absence. Echols v. State, Tex.Cr.App., 370 S.W.2d 892; Riddle v. State, 150 Tex.Cr.R. 419, 201 S.W.2d 829."

Ground of error #5 is overruled.

■ In his last ground of error appellant contends the court erred in admitting evidence as to an extraneous offense unconnected with the appellant.

The testimony complained of was elicited from the witness Gonzales and is as follows:

"Q. (By the prosecutor): Let me ask you this, at that time, at the time you heard this conversation going on with the manager there, what happened to him?

"A. This man struck him on his left side.

"Q. Now, that man, you are not sure what man that was?

"A. No.

"Q. But some man hit him?

"A. Yes.

"Q. How do you know he got hit?

"A. Because I heard a grunt from the manager which then he went down on his side, he went down to his knees."

As earlier noted, the store manager subsequently identified the appellant as his assailant. Even if the act had been the act of one of appellant's co-conspirators committed during the course of the robbery, it would have been admissible.

Ground of error #6 is overruled.

In a supplemental brief the appellant seeks to raise an additional ground of error under Article 40.09, Sec. 13, V.A.C.C.P. "in the interest of justice." He contends the prior felony conviction introduced as a part of his "prior criminal record" at the hearing on punishment was "presumptively void" in light of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, since there was no showing in the record evidence of such conviction that he was represented by counsel at the time of sentencing. The judgment reflects that on September 20, 1963, the appellant, *represented by counsel*, entered a plea of guilty to burglary in Cause No. E-1471-IJ in Criminal District Court No. 3, Dallas County, Texas. On the same date sentence was imposed. The formal sentence, a part

of a one page document which included the above referred to judgment, is silent as to counsel.

Only recently in Gutierrez v. State, Tex. Cr.App., 456 S.W.2d 84, this Court held that the recitation in the judgment that appellant was represented by counsel is binding upon him in absence of direct proof to the contrary that he did not have counsel at the sentencing where the judgment and sentence were entered on the same day after a plea of guilty.

Appellant's supplemental contention is overruled.

The judgment is affirmed.