**Robert HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43569.**

Court of Criminal Appeals of Texas.

March 31, 1971.

Rehearing Denied May 26, 1971.

Prescott, Metcalf & Greenfield, Temple, Harris & Holbrook, Killeen, for appellant.

Stanley Kacir, Dist. Atty., and John C. West, Jr., Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by firearms; punishment was assessed by the jury at 18 years.

By his first and second grounds of error appellant challenges the sufficiency of the evidence to sustain his conviction as a principal in the robbery of a Seven Eleven Store in Temple on January 11, 1970.

Marvin Palla testified that he was employed at the Seven Eleven Store on the date of the robbery and had care, custody and control of the money and merchandise therein. He stated that at approximately 10:20 P.M. three men came into the store together; that one of them (identified by two other witnesses as the appellant) went to one side of the store and the other two

approached the counter and one bought some cigarettes and gum; that one of them pulled a gun and forced him to hand over $189.00 from the cash register and a floor safe.

Lester Riggs testified that he and his wife, Barbara Ann Riggs, went to the Seven Eleven Store at the time in question; that they drove up to the front of the store in their car; that his wife stayed in the car and he got out and went inside; that about the same time he was going into the store, the appellant and two other men went in; that he (witness Riggs) walked around the counter and went to the ice cream counter and then to the magazine rack. He testified: "Well, I didn't really see nothing. All of a sudden Marvin come up and he said 'could you run outside and watch where they are going,' said 'they just robbed me.'" He then went outside to see which way they ran and his wife came into the store. When asked if the appellant was one of the three, he answered: "Yes, sir, * * * and he kept on looking outside and walked back here, and walked up to the front and all of a sudden they all ran out."

Barbara Ann Riggs testified that as she sat in the car, in front of the store, she had a good view of the store as it was well lighted. When asked "where these individuals were in the store," she replied: "One was standing at the counter and one (the appellant) was standing by the door, a look-out, that kept looking, and I didn't notice where the other one was. I didn't really look at him too well." Later in her testimony she was asked: "All right, now, Mrs. Riggs, did you see these three individuals exit the store?

"A. Yes.

"Q. And what happened, if anything?

"A. Well, one of them turned and looked at me for about a second or so and then they started running off together.

"Q. Did he look straight at you?

"A. Yes."

She identified the appellant as the one who looked at her.

Approximately 20 minutes after the robbery an automobile occupied by the appellant Hill, John Ware, Jr., Joseph Carter, and Robert Myers was stopped in Belton, going in a direction away from where the robbery had occurred. A .38 caliber revolver and a .22 caliber revolver were recovered from the automobile. A search of Carter revealed $201.00, some of the bills had money wrappers around them similar to the wrappers used by Seven Eleven.

Appellant did not testify but called Joseph Carter and Robert Myers as witnesses. They testified that they committed the robbery; that appellant was with them but he knew nothing about what they were doing nor did he participate with them as they robbed the store.

The jury did not choose to believe witnesses Carter and Myers when they testified that appellant did not participate in the robbery, and it is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Art. 36.13 Vernon's Ann.C.C.P.

The court charged on the law of principals and we find the evidence sufficient to sustain the jury's verdict. Gerzin v. State, Tex.Cr.App., 447 S.W.2d 925; Jones v. State, Tex.Cr.App., 436 S.W.2d 151; McLaughlin v. State, Tex.Cr.App., 426 S.W.2d 244.

Appellant's first and second grounds of error are overruled.

Next appellant urges that the court erred when it failed to charge the jury upon the law of circumstantial evidence at appellant's request. However, the record reflects direct evidence of appellant's participation in the robbery. Witnesses Lester Riggs and Barbara Ann Riggs described his actions as a lookout. A charge on cir-

cumstantial evidence need not be given when the state's evidence is direct, nor if the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony. Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; Whitley v. State, Tex.Cr.App., 444 S.W.2d 919.

Appellant's third ground of error is overruled.

■ The fourth ground of error is the contention by appellant that the trial court erred in denying a motion for a mistrial after an improper question by the state's attorney. Witness Myers had previously testified that *he and Carter* were in the penitentiary serving sentences for the commission of the robbery in question, as well as five others they had pleaded guilty to, when the following occurred:

"Q. Did you have any other companions in any of these other robberies besides Hill?

"MR. PRESCOTT: May it please the Court, we object to that.

"MR. KACIR: Withdraw that.

"MR. PRESCOTT: We ask the Court to instruct the jury not to consider that and we move for a mistrial.

"THE COURT: You will not consider that question for any purpose."

Clearly, the question should not have been asked, but this court will rarely reverse on improper question unless the question is obviously harmful to the accused. Smith v. State, Tex.Cr.App., 457 S.W.2d 58; Mitchell v. State, Tex.Cr.App., 455 S.W.2d 266; Mirowitz v. State, Tex.Cr.App., 449 S.W.2d 475; White v. State, Tex.Cr.App., 444 S.W.2d 921; Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224.

Appellant's fourth ground of error is overruled.

■ Next, appellant contends by his fifth ground of error, that an instruction in the court's charge, given over objection, was a comment upon his decision to exercise his constitutional right to remain silent. The instruction was " * * * that the failure of the Defendant to testify shall not be taken as a circumstance against him, and you must not allude to, comment on, or discuss in your deliberations the failure of the Defendant to testify * * *." This was an instruction on the law applicable to the case. See Art. 38.08 V.A.C.C.P. In Smith v. State, Tex.Cr.App., 455 S.W.2d 748, 754, this court, speaking through Judge Onion, held that a similar instruction was in substantial compliance with Art. 38.08, supra, and further noted:

"In Small v. State, 132 Tex.Cr.R. 279, 104 S.W.2d 52, it was held that instruction on defendant's failure to testify being substantially the same as that embraced in the statute may not be objected to as insinuating culpable omission on the part of the defendant or as conveying impression that he should have testified. And in Compton v. State, 148 Tex.Cr.R. 53, 184 S.W.2d 630, it was held that unless the court was permitted to so charge the court would be powerless to instruct the jury to observe Article 710, V.A.C.C.P., 1925 (now Article 38.08) which prohibits taking such failure as a circumstance against the defendant.

"Bellard v. United States (5 Cir.), 356 F.2d 437, cert. den. 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83, held it was not error for the trial court, of its own volition, to instruct the jury that a defendant's failure to testify cannot be considered as a circumstance against him. See also United States v. Carter, 422 F.2d 519 (6 Cir.); Friloux, Federal Court's Charge on Defendant's Failure to Testify, 6 South Texas Law Journal 15."

In Smith v. State, supra, it was further noted:

"As a practical matter, most trial courts do not give the instruction over the ob-

jection of the accused, letting the record clearly reflect the charge was withdrawn at the request of the defendant and his counsel."

We submit that this suggestion should be adhered to by the trial court; however, under the facts of this case, the submission of the charge did not constitute reversible error. See State v. Goldstein (1965) 65 Wash.2d 901, 400 P.2d 368, cert. den. 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 493.

Ground of error number five is overruled.

■ Finally, appellant contends error was committed when co-indictee Myers' confession was introduced "without an instruction to the jury limiting and restricting the use of such extraneous matter to the purpose of impeachment only."

On cross-examination, witness Myers was asked about a statement he made the day after the robbery and the following occurred:

"MR. PRESCOTT: May I see it, your Honor. I don't want to be troublesome to the court but we have got a right to see it. We have been denied the right to see it. Can I see the statement before he reads it to the jury.

"THE COURT: That is a matter of impeachment. He's on cross-examination. He may ask him if he said certain things. Overrule the motion.

"MR. PRESCOTT: Note our exception."

The statement implicating appellant as a lookout was then received into evidence for the purpose of impeachment. Appellant did not submit a requested instruction to the court nor did he object to the charge, as required by Arts. 36.14 and 36.15 V.A. C.C.P., therefore the question raised is not before us for review. Dominguez v. State, Tex.Cr.App., 459 S.W.2d 628; Cedargreen v. State, Tex.Cr.App., 432 S.W.2d 524;

Jones v. State, Tex.Cr.App., 427 S.W.2d 616.

Ground of error number six is overruled.

Finding no reversible error, the judgment is affirmed.