**Richard Don ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45241.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

---

Bradley C. Miles, San Angelo (Court appointed), for appellant.

Royal Hart, Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; punishment, enhanced under Article 63, V.A.P.C., life.

Appellant brings six grounds of error herein. The first is his contention that a motion to quash the indictment should have been granted because he was denied an examining trial.

The failure to grant an examining trial prior to the return of an indictment does not affect the validity of the indictment. The return of an indictment terminates the right to an examining trial and eliminates the necessity therefor. See, e. g., Tex.Cr.App., Solomon v. State, 467 S. W.2d 422, and cases cited therein.

The first ground of error is overruled.

Ground of error number two asserts that Article 63, V.A.P.C., provides for the imposition of an unusual and cruel punishment. This question has been decided contrary to appellant's contention, and we adhere to such decisions. See Flores v. State, Tex.Cr.App., 472 S.W.2d 146, and cases cited therein at page 149.

Ground of error number two is overruled.

The third ground of error contends that a fatal variance between the allegation in the indictment and the evidence is shown as to the ownership of the burglarized premises.

The indictment alleges that the premises were "occupied and controlled by James Espy." The proof shows that Espy was the manager of the apartments in question. No fatal variance is shown. Article 21.08, V.A.C.C.P.; Estes v. State, Tex.Cr.App., 484 S.W.2d 711; Johnston v. State, Tex.Cr. App., 477 S.W.2d 891; Gasery v. State, Tex.Cr.App., 474 S.W.2d 201; Mauldin v. State, Tex.Cr.App., 473 S.W.2d 935.

The third ground of error is overruled.

Ground of error number four asserts that the officer who compared the fingerprints of appellant at the punishment stage of the trial was not shown to be qualified as an expert to so testify.

The officer testified that he attended the "Institute of Applied Science, and have approximately two years in practical experience working with the identification section" of the San Angelo Police Department. He stated that he works "mostly every day with prints." Also, he described how comparisons of fingerprints are made. We conclude the witness' expertise was sufficiently shown.

Ground of error number four is overruled.

Finally, grounds of error five and six concern requests and objections to the court's charge.

First, appellant requested that the court inform the jury at the guilt-innocent stage of the trial that the punishment for burglary is from two to twelve years.

Article 37.07, Section 2(a) provides:

"In all criminal cases, other than misdemeanor cases of which the justice court or corporation court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed."

Therefore, since there is no provision in such Article to instruct the jury at the first stage of a bifurcated trial as to the applicable punishment for an offense, no error is shown by the denial of the request.[1] Cf. Harris v. State, Tex.Cr.App., 457 S.W.2d 903.

Appellant objected to the court's charge because of the inclusion therein that his failure to testify shall not be taken as a circumstance against him.

We were confronted with this same objection in Hill v. State, Tex.Cr.App., 466

---

1. It should be noted that when Article 37.07, supra, was amended in 1967, the amendment eliminated the provision in Section 2(a) ". . . that in the charge which submits the issue of guilt or innocence there shall be included instructions showing the jury the punishment provided by law for each offense submitted."

S.W.2d 791, and we stated therein, at pages 793 and 794 that:

" . . . This was an instruction on the law applicable to the case. See Art. 38.08 V.A.C.C.P. In Smith v. State, Tex.Cr.App., 455 S.W.2d 748, 754, this court, speaking through Judge Onion, held that a similar instruction was in substantial compliance with Art. 38.08, supra, and further noted:

" 'In Small v. State, 132 Tex.Cr.R. 279, 104 S.W.2d 52, it was held that instruction on defendant's failure to testify being substantially the same as that embraced in the statute may not be objected to as insinuating culpable omission on the part of the defendant or as conveying impression that he should have testified. And in Compton v. State, 148 Tex.Cr.R. 53, 184 S.W.2d 630, it was held that unless the court was permitted to so charge the court would be powerless to instruct the jury to observe Article 710, V.A.C.C.P., 1925 (now Article 38.08) which prohibits taking such failure as a circumstance against the defendant.

" 'Bellard v. United States (5 Cir.), 356 F.2d 437, cert. den. 385 U.S. 856, 87 S. Ct. 103, 17 L.Ed.2d 83, held it was not error for the trial court, of its own volition, to instruct the jury that a defendant's failure to testify cannot be considered as a circumstance against him. See also United States v. Carter, 422 F.2d 519 (6 Cir.); Friloux, Federal Court's Charge on Defendant's Failure to Testify, 6 South Texas Law Journal 15.'

"In Smith v. State, supra, it was further noted:

" 'As a practical matter, most trial courts do not give the instruction over the objection of the accused, letting the record clearly reflect the charge was withdrawn at the request of the defendant and his counsel.'

"We submit that this suggestion should be adhered to by the trial court; however, under the facts of this case, the submission of the charge did not constitute reversible error. See State v. Goldstein (1965) 65 Wash.2d 901, 400 P.2d 368, cert. den. 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 493."

We adhere to our holding in Hill v. State, supra, and again admonish trial judges to omit such instruction when requested by the defense to do so.

Grounds of error five and six are overruled.

There being no reversible error, the judgment is affirmed.