# NO. 12-15-00228-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES CARLTON COX, III,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 258TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *TRINITY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Carlton Cox, III appeals his conviction for evading arrest while using a vehicle. In two issues, Appellant argues the trial court erred when it failed to include certain jury instructions in its charges to the jury. We affirm.

### BACKGROUND

Appellant was charged by indictment for evading arrest while using a vehicle. The State alleged that Appellant intentionally fled from Deputy Jeremy Alexander, a person Appellant knew was a peace officer who was attempting to lawfully arrest or detain him. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury found Appellant guilty as charged in the indictment. After a trial on punishment, the jury assessed Appellant's punishment at imprisonment for ten years. This appeal followed.

### NO ADVERSE INFERENCES INSTRUCTION

In his first issue, Appellant contends that the trial court erred when it did not instruct the jury that it could not consider Appellant's decision not to testify during the guilt-innocence phase of the trial.

Both the United States and Texas Constitutions guarantee that the accused in a criminal case may not be compelled to give self-incriminating testimony. *See* U.S. CONST. amend. V, cl. 3; TEX. CONST. art I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. arts. 1.05, 38.08 (West 2005). The Fifth Amendment guarantee is applicable to the states through the Fourteenth Amendment to the United States Constitution. *Carter v. Kentucky*, 450 U.S. 288, 297, 101 S. Ct. 1112, 1117, 67 L. Ed. 2d 241 (1981).

To protect a defendant's Fifth Amendment right not to testify, the Supreme Court has held that a defendant is entitled to have a trial court instruct the jury not to draw an adverse inference from a defendant's failure to testify. *See Carter*, 450 U.S. at 300, 101 S. Ct. at 1119; *see also Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989). However, the Supreme Court noted that the instruction must be requested. *See Carter*, 450 U.S. at 300, 101 S. Ct. at 1119.

Whether to request a "no adverse inferences" jury instruction is within the tactical discretion of defense counsel. *Michaelwicz v. State*, 186 S.W.3d 601, 624 (Tex. App.—Austin 2006, pet. ref'd). The court of criminal appeals has recognized that a defendant may not always want the "no adverse inferences" instruction given. *See Rogers v. State*, 486 S.W.2d 786, 788 (Tex. Crim. App. 1972); *Hill v. State*, 466 S.W.2d 791, 793 (Tex. Crim. App. 1971); *Peoples v. State*, 459 S.W.2d 868, 869 (Tex. Crim. App. 1970).

A defendant waives the right to a no-adverse-inference instruction unless either a request is made to the trial court to add the instruction to its charge or an objection is made to the omission of the instruction. *De La Paz v. State*, 901 S.W.2d 571, 578 (Tex. App.—El Paso 1995, pet. ref'd). In the absence of a proper request or timely objection, the trial court is under no obligation to give the instruction and does not err in excluding the instruction in the jury charge. *Michaelwicz*, 186 S.W.3d at 624.

Appellant did not request a jury instruction on the issue of his election not to testify and did not object to the absence of the instruction in the charge. Therefore, he waived his right to the instruction. *See De La Paz*, 901 S.W.2d at 578. Nevertheless, Appellant argues that the "better analysis" is to apply the egregious harm analysis under *Almanza v. State*. However, the court of criminal appeals has held that a review for egregious harm is required only if the charge contains error. *See Posey v. State*, 966 S.W.2d 57, 60-64 (Tex. Crim. App. 1998). We are bound

to follow that court's precedent.  *See State of Tex. ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971).  We overrule Appellant's first issue.

### REASONABLE DOUBT INSTRUCTION

In his second issue, Appellant argues that the trial court erred in failing to include a reasonable doubt instruction for extraneous offenses in the jury charge.  Appellant contends that he was egregiously harmed by this omission.  The State admits that a reasonable doubt instruction should be given when extraneous offenses are presented to the jury, but contends that Appellant was not egregiously harmed.

**Standard of Review**

The review of an alleged jury charge error in a criminal trial is a two-step process. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  First, an appellate court must determine whether there was error in the jury charge.  *Id.*  Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal.  *Id.* at 731–32.  The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  In determining whether an appellant was deprived of a fair and impartial trial, we review the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole.  *See Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011); *Almanza*, 686 S.W.2d at 171. We will examine any part of the record that may illuminate the actual, not just theoretical, harm to the accused. *See Taylor*, 332 S.W.3d at 489–90.  Errors which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive.  *See id.*, 332 S.W.3d at 490.  Egregious harm is a difficult standard to prove, and such a determination must be made on a case-by-case basis.  *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

**Applicable Law**

Texas Code of Criminal Procedure, article 37.07, section 3(a) permits the admission of extraneous offense evidence at the punishment phase. It allows evidence of an extraneous crime that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he can be held criminally responsible. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2016). However, evidence of extraneous offenses may not be considered in assessing punishment until the factfinder is satisfied beyond a reasonable doubt that such offenses are attributable to the defendant. *Id.*; *see also* **Huizar v. State***, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Once that requirement is satisfied, the factfinder may use the extraneous offense evidence however it chooses in assessing punishment. **Huizar***, 12 S.W.3d at 484.

The requirement that the jury be satisfied of the defendant's culpability for the extraneous offenses is "law applicable to the case" in the noncapital punishment context. **Huizar***, 12 S.W.3d at 484. Thus, when evidence of extraneous offenses is admitted at the punishment phase, the trial court is required to sua sponte instruct the jury on the reasonable doubt standard of proof for those offenses. **Id***. at 483–84. The failure of the trial court to submit the instruction is error. **Id***.

**Error in the Charge**

During the punishment phase of Appellant's trial, the State introduced evidence of Appellant's prior arrests and prior convictions for driving while intoxicated, driving with an invalid license, and evading arrest. Therefore, the trial court was required to instruct the jury on the reasonable doubt standard of proof for those offenses. No such instruction was included in the jury charge on punishment, and the trial court erred by omitting it. Appellant did not object at trial to this error in the court's charge. Therefore, we examine the entire record to determine whether the error was so egregious and created such harm that Appellant did not receive a fair and impartial trial. *See* **Hutch v. State***, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); **Almanza***, 686 S.W.2d at 171.

**Harm Analysis**

Appellant argues that the extraneous offenses presented by the State were not proven beyond a reasonable doubt and that the jury did not know the State had to prove them beyond a reasonable doubt before they could be considered. He further contends that omission of the

reasonable doubt instruction caused him egregious harm because the jury sentenced him to imprisonment for ten years without recommending community supervision.

Appellant does not point to anything in the record that suggests the jury would have recommended community supervision if the jury charge had included a reasonable doubt instruction for these extraneous offenses. Moreover, during the punishment phase Appellant testified regarding each extraneous arrest and conviction presented by the State. He explained the circumstances of each arrest for an extraneous offense and stated whether the arrest resulted in a conviction. He also informed the jury that he had previously successfully completed community supervision. Appellant never denied that he was the person arrested for or convicted of any of the offenses presented by the State. Appellant's counsel told the jury during argument that Appellant committed the offenses, but he asked the jury for community supervision because none of the offenses were felonies. However, the State pointed out that community supervision did not have the desired rehabilitative effect on Appellant.

Appellant's testimony and his trial counsel's argument confirmed that Appellant was the person arrested and the person who committed the extraneous offenses as presented by the State. Based on the evidence before it, the jury reasonably could have agreed with the State that community supervision had not had the desired effect on Appellant. As a result, the jury could have decided to impose a more severe punishment. Therefore, we conclude that Appellant failed to show egregious harm from the omission of the reasonable doubt instruction for extraneous offenses. Accordingly, we overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 31, 2016**

**NO. 12-15-00228-CR**

**JAMES CARLTON COX, III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 258th District Court

of Trinity County, Texas (Tr.Ct.No. 10,335)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*